Argued April 4, opinion affirmed August 1, 1978

URBANSKI, *Appellant,*
*v.*
JOHNSON, *Respondent.*
(No. 94504, SC 25495)

URBANSKI, *Appellant,*
*v.*
JOHNSON, *Respondent.*
(No. 94505, SC 25482)

581 P2d 948

Robert J. Miller, Sr., of Blyth, Porcelli & Moomaw, Beaverton, argued the cause and filed briefs for appellants.

James C. Tait, of Hibbard, Caldwell, Canning, Bowerman & Schultz, Oregon City, argued the cause and filed a brief for respondent.

**HOWELL, J.**

Denecke, C. J., did not participate in this decision.

## HOWELL, J.

Plaintiffs, husband and wife, filed these separate actions to recover damages for personal injuries sustained in an automobile accident. A jury returned verdicts for defendant in both actions, which were consolidated for trial, and plaintiffs appeal.

The sole issue on appeal is whether the trial court erred in excluding the testimony of an expert witness.

The collision occurred at the intersection of Folsom Road and Highway 224 in Clackamas County. The highway, which runs generally north and south, consists of one through lane for each direction, and a left turn lane for each direction. The plaintiffs were travelling south and moved into the left turn lane preparatory to turning left to Folsom Road. Plaintiffs testified that defendant's vehicle came toward them in a northerly direction but in the other left turn lane directly in front of plaintiffs. As plaintiffs realized defendant was not going to stop, they turned left and the collision occurred. Defendant and his passenger testified that they were travelling north in the through lane, they were never in the median left turn lane, and when defendant saw plaintiffs turn left in front of him he turned left in an unsuccessful attempt to avoid the collision.

Plaintiffs attempted to introduce the testimony of a consulting engineer to rebut testimony of a police officer that he found glass and debris in defendant's lane of traffic. The defendant's objection on the ground of insufficient foundation was sustained. Plaintiffs made an offer of proof, and the engineer, using some photographs showing skid marks at the scene and a police report, and by using what is apparently an accepted drafting technique, testified as to the position of the vehicles just prior to the collision, the point of impact, and the position of the vehicles after the collision. Plaintiffs' offer of proof was rejected by the

trial court on the ground that the evidence was not the proper subject of expert testimony.[1] We agree with defendant that the evidence offered was without sufficient foundation and therefore too speculative.

We believe this case is controlled by *Marshall v. Martinson,* 268 Or 46, 518 P2d 1312 (1974). In *Marshall* we held that the trial court did not err in excluding the expert testimony of an engineer who wanted to testify as to the position of the vehicles before and after the impact, based on facts assumed by a hypothetical question. We said in that case that even if sufficient facts were introduced to support the hypothetical assumptions, the testimony was properly excluded because it was too speculative. Specifically we said:

> "The expert witness in this case was called upon to go far beyond the expression of an opinion relating to speed or point of impact. By the hypothetical question to which objections were made in this case plaintiff's expert witness was asked to express an opinion whether, if the accident happened as contended by defendants, that was 'enough room' for defendants' car to proceed without hitting the center guard rail. We agree that the trial judge did not err in sustaining objections to that question. The reason is that under the facts of this case the trial judge could properly find that there were so many varying factors involved in the problem presented by this question that the opinion of an expert witness in answer to that question would indeed have been 'speculative,' as observed by the trial judge in this case." 268 Or at 56. (Footnote omitted.)

*See also Everart v. Fischer,* 75 Or 316, 325, 147 P 189 (1915). The same reasoning is applicable to the instant case.

---

[1] In *Thomas v. Dad's Root Beer,* 225 Or 166, 367 P2d 418 (1960), we held that one not an eye witness to an accident may not testify to the point of impact in a vehicle collision case. Because we believe there was insufficient foundation for the expert testimony, we need not here reconsider that holding. *See Marshall v. Martinson,* 268 Or 46, 518 P2d 1312 (1974), and *Carter v. Moberly,* 263 Or 193, 501 P2d 1276 (1972).

In addition, it is not possible from the record for us to follow accurately the attempted reconstruction of the accident by the expert witness. The witness, in the offer of proof to the trial court, used a large diagram and apparently used two small model cars to illustrate his testimony. The record shows references to "in that manner," "at this point," "out here," and "all of these measurements" as examples. The offer of proof was properly denied.

Affirmed.