Argued and submitted August 25, affirmed November 3,
reconsideration denied December 12,
petition for review allowed December 31, 1980 (290 Or 301)
See later issue Oregon Reports

## STATE OF OREGON,
*Respondent,*

*v.*

## RANFORD OWEN STRINGER,
*Appellant.*

### (No. 79-6-323, CA 16904)

618 P2d 1309

Charles D. Colett, Oregon City, argued the cause for appellant. On the brief was Ronald D. Thom, Oregon City.

William F. Gary, Deputy Solicitor General, Salem, argued the cause for respondent. With him on the brief were James M. Brown, Attorney General, John R. McCulloch, Jr., Solicitor General, and Karen H. Green, Assistant Attorney General, Salem.

Before Gillette, Presiding Judge, and Roberts and Campbell, Judges.

CAMPBELL, J.

## CAMPBELL, J.

On December 1, 1978, defendant struck and killed a pedestrian while driving his car. He was subsequently charged with manslaughter in the second degree (ORS 163.125(1)(a)) and was found guilty of the lesser included crime of criminally negligent homicide (ORS 163.145). On appeal, he alleges that the trial court erred: (1) by excluding testimony by an expert witness concerning the point of impact; and (2) by using a standard of reasonable care to instruct the jury regarding his duty of care. We affirm.

In his case in chief, defendant attempted to introduce the opinion testimony of a consulting engineer concerning the point of impact. The state's objection was sustained on the ground that the evidence was not the proper subject of expert testimony. In *Thomas v. Dad's Root Beer, Etc.,* 225 Or 166, 356 P2d 418 (1960), the Supreme Court considered the admissibility of similar testimony given by a police officer. The court held that one not an eyewitness to an accident cannot give his opinion as to the point of impact upon the highway. The opinion does not state what degree of expertise, if any, the officer had. Subsequent decisions, however, indicate that the holding applies equally to witnesses who are admittedly qualified as experts in accident reconstruction. *See Urbanski v. Johnson,* 283 Or 169, n 1, 581 P2d 948 (1978) (dictum), and *Marshall v. Martinson,* 268 Or 46, 56, 518 P2d 1312 (1974) (dictum). The evidence was properly excluded.

Defendant next argues that the trial court erred in its instruction to the jury regarding a driver's duty to maintain a reasonable lookout, and reasonable control and speed while operating a vehicle.[1] Defendant claims that the

---

[1] The court instructed the jury as follows:

"Now, the defendant had a duty to exercise reasonable control over his vehicle, to maintain a reasonable lookout and to drive at a reasonable speed. I instruct you that it is the continuing duty of a driver of a motor vehicle to keep and maintain a reasonable lookout for other vehicles or persons on the street or highway. A reasonable lookout means such as would be maintained by a reasonably prudent person under the same or similar circumstances. In determining this question you should take into consideration the extent or degree of danger reasonably to be expected. A person does not comply with the duty to keep a reasonable lookout by simply looking and not seeing that which

court's instruction states a standard of care appropriate only in civil cases, thus making it at variance with the statutory definition of criminal negligence. ORS 161.085(10) provides:

> "(10) 'Criminal negligence' or 'criminally negligent,' when used with respect to a result or to a circumstance described by a statute defining an offense, means that a person fails to be aware of a substantial and unjustifiable risk that the result will occur or that the circumstance exists. The risk must be of such nature and degree that the failure to be aware of it constitutes a *gross deviation* from the standard of care that a reasonable person would observe in the situation." (Emphasis supplied.)

Prior to giving the challenged instruction, the trial court instructed the jury on criminal negligence using language nearly identical to that used in the statute.[2]

■ The law, whether criminal or civil, imposes a duty to exercise that degree of care that a reasonably prudent person would use under the circumstances. Where criminal and civil law differ is in the degree of the breach of duty which must be shown in order to give rise to liability. Civil liability for negligence may be found where there is merely

---

is plainly visible and which would have been seen by a reasonably prudent person under the same circumstances.

"I instruct you that an operator of a motor vehicle has a continuing duty to keep and maintain his or her automobile under reasonable control, and that is such a degree of control as would be exercised by a reasonably prudent person in the same or similar circumstances.

"I instruct you that a person is required by law to drive a vehicle upon a highway at a speed no greater than is reasonable and prudent, having due regard to the traffic, surface and width of the highway, the hazard at intersections, and any other conditions then existing."

[2] The court's instructions were:

"You are instructed that the term criminally negligent means that a person fails to be aware of a substantial and unjustifiable risk that the result will occur or that the circumstances exist. The risk must be of such nature and degree that the failure by the defendant to be aware of it constitutes a gross deviation from the standard of care that a reasonable person would observe in this situation.

"* * * * *

"Gross deviation from a reasonable standard of care means an extreme or serious deviation from reasonable care as compared to simple carelessness, inattention or inadvertence."

an inadvertent breach of duty or imprudent conduct. The breach must be greater for criminal liability to result. The state is required to show that the accused's conduct constituted a "gross deviation" from the standard of care. *See* *State v. Hodgson,* 244 Or 219, 416 P2d 647 (1966); Criminal Law Revision Commission, Proposed Oregon Criminal Code: Final Draft & Report 9-11, Commentary to §§ 7 to 11 (July 1980).

■        In this case, the jury was instructed that "the defendant had a duty to exercise reasonable control over his vehicle, to maintain a reasonable lookout and to drive at a reasonable speed." The trial court completed the instruction by explaining in general terms what the duties of reasonable control, lookout and speed entail. These were correct statements of the standard of care owed by defendant and all other motor vehicle operators when using the public highways. The trial court also instructed the jury that, in order to find defendant guilty of criminally negligent homicide, it would have to find that his conduct constituted a gross deviation from this standard of reasonable care. This instruction correctly informed the jury as to the degree of the breach of duty which was requisite to a finding of criminal liability under ORS 163.145.

Affirmed.