Submitted August 25, reversed and remanded with instructions to merge defendant's conviction on Count 3 into his conviction on Count 1 and his conviction on Count 4 into his conviction on Count 2 and for resentencing; otherwise affirmed October 7, 2009

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## ANTHONY DELCURTO,
*Defendant-Appellant.*

Baker County Circuit Court
05694; A134127

218 P3d 172

Jamesa J. Drake filed the brief for appellant.

John R. Kroger, Attorney General, Erika L. Hadlock, Acting Solicitor General, and Laura S. Anderson, Senior Assistant Attorney General, filed the brief for respondent.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Rosenblum, Judge.

HASELTON, P. J.

## HASELTON, P. J.

Defendant appeals a judgment of conviction for two counts of second-degree manslaughter (Counts 1 and 2), ORS 163.125; two counts of criminally negligent homicide (Counts 3 and 4), ORS 163.145; and one count of driving under the influence of intoxicants (Count 5), ORS 813.010. On appeal, defendant assigns error to (1) the trial court's denial of his motion for judgment of acquittal on the charges of second-degree manslaughter; and (2) the trial court's failure to merge the criminally negligent homicide convictions into the second-degree manslaughter convictions. We reject without discussion defendant's assignment of error concerning the motion for judgment of acquittal, but conclude that the trial court's failure to merge the pertinent convictions is an error of law apparent on the face of the record that we will exercise our discretion to correct under *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382, 382 n 6, 823 P2d 956 (1991). Accordingly, we reverse and remand to the trial court to merge defendant's conviction on Count 3 into his conviction on Count 1 and his conviction on Count 4 into his conviction on Count 2 and for resentencing, but otherwise affirm.

The material facts are uncontroverted. Defendant caused an automobile accident while driving under the influence of intoxicants. Two men were killed as a result of the accident. A jury convicted defendant of one count of second-degree manslaughter (Count 1) and one count of criminally negligent homicide (Count 3) for the death of one of the victims and one count of second-degree manslaughter (Count 2) and one count of criminally negligent homicide (Count 4) for the death of the other victim.[1]

---

[1] As context,

"[a] person commits criminal homicide if, without justification or excuse, the person intentionally, knowingly, recklessly or with criminal negligence causes the death of another human being."

ORS 163.005(1). As pertinent to the convictions in this case, ORS 163.125(1) provides, in part, that

"[c]riminal homicide constitutes manslaughter in the second degree when:

"(a) It is committed recklessly[.]"

Finally, ORS 163.145(1) provides that

"[a] person commits the crime of criminally negligent homicide when, with criminal negligence, the person causes the death of another person."

Although defendant did not object to the trial court's failure to merge his criminally negligent homicide convictions into the pertinent second-degree manslaughter convictions, he asserts, and the state concedes, that the trial court's failure to do so constitutes an error of law apparent on the face of the record. ORAP 5.45(1). We accept the state's concession in this case as well founded. *See, e.g., State v. Skelton*, 153 Or App 580, 584 n 2, 957 P2d 585, *rev den*, 327 Or 448 (1998) (noting that first-degree manslaughter includes the lesser-included offenses of second-degree manslaughter, which requires a mental state of recklessness, and criminally negligent homicide, which requires a mental state of criminal negligence); *State v. Stringer*, 49 Or App 51, 53, 618 P2d 1309 (1980), *aff'd*, 291 Or 527, 633 P2d 770 (1981), *rev'd on other grounds on reh'g*, 292 Or 388, 639 P2d 1264 (1982) (noting that the defendant was charged "with manslaughter in the second degree (ORS 163.125(1)(a)) and was found guilty of the lesser included crime of criminally negligent homicide (ORS 163.145)").

Finally, we conclude that it is appropriate for us to exercise our discretion under *Ailes* to correct that error. That is so for the same reasons that we recently explained in *State v. Ryder*, 230 Or App 432, 435, 216 P3d 895 (2009):

"First, the gravity of the error—*viz.*, the imposition of an additional felony conviction—strongly militates in favor of the exercise of discretion. *See, e.g., State v. Valladares-Juarez*, 219 Or App 561, 564, 184 P3d 1131 (2008) (exercising discretion under *Ailes* to correct the trial court's error in failing to merge the defendant's two first-degree kidnapping convictions into a single conviction; noting that 'the error in this case is grave; the presence of an additional kidnapping conviction on defendant's criminal record misstates the nature and extent of defendant's conduct'); *State v. Hathaway*, 207 Or App 716, 718, 143 P3d 545, *rev den*, 342 Or 254 (2006) (exercise of *Ailes* discretion to correct erroneous failure to merge justified, in part, because, 'although the effects of merger are not always immediately apparent, they can be real and varied' (internal quotation marks omitted)). Second, as in *Valladares-Juarez*, 'we cannot identify any strategic reason that defendant may have had for not objecting' to the trial court's failure to merge the convictions. 219 Or App at 564-65. Finally, 'the burden on

the judicial system in amending its judgment and resentencing defendant is minimal.' *State v. Camacho-Alvarez*, 225 Or App 215, 217, 200 P3d 613 (2009)."

Reversed and remanded with instructions to merge defendant's conviction on Count 3 into his conviction on Count 1 and his conviction on Count 4 into his conviction on Count 2 and for resentencing; otherwise affirmed.