Submitted July 31, 2012, affirmed April 24, 2013

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

RONA SUE CLARK,
*Defendant-Appellant.*

Washington County Circuit Court
D100319M; A146396

300 P3d 281

Peter Gartlan, Chief Defender, and Morgen E. Daniels, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Anna M. Joyce, Solicitor General, and David B. Thompson, Senior Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Duncan, Judge, and Brewer, Judge pro tempore.

DUNCAN, J.

## DUNCAN, J.

In this criminal case, defendant appeals a judgment convicting her of seven misdemeanors, all of which arose from a traffic accident. Defendant contends that the trial court erred in giving a jury instruction regarding the duties of a driver and in failing to clarify the instruction. She argues that the instruction was improper and its use created a likelihood that the jury would convict her of the six charged crimes that required recklessness even if it found that she acted with a less-than-reckless mental state. We affirm.

Defendant's charges arose from a traffic accident that took place at an intersection on a foggy night. Defendant was charged with driving under the influence of intoxicants (DUII), ORS 813.010, and six counts of offenses requiring the mental state of recklessness: one count of reckless driving, ORS 811.140;[1] two counts of fourth-degree assault charged with the mental state of recklessness, ORS 163.160;[2] two counts of recklessly endangering another person, ORS 163.195;[3] and one count of second-degree criminal mischief, ORS 164.354.[4] At trial, the state presented evidence that

---

[1] ORS 811.140 provides:

"(1) A person commits the offense of reckless driving if the person recklessly drives a vehicle upon a highway or other premises described in this section in a manner that endangers the safety of persons or property.

"(2) The use of the term 'recklessly' in this section is as defined in ORS 161.085.

"(3) The offense described in this section, reckless driving, is a Class A misdemeanor and is applicable upon any premises open to the public."

[2] ORS 163.160 provides, in relevant part:

"(1) A person commits the crime of assault in the fourth degree if the person:

"(a) *** recklessly causes physical injury to another[.]"

[3] ORS 163.195 provides:

"(1) A person commits the crime of recklessly endangering another person if the person recklessly engages in conduct which creates a substantial risk of serious physical injury to another person."

[4] ORS 164.354 provides:

"(1) A person commits the crime of criminal mischief in the second degree if:

"*****

"(b) Having no right to do so nor reasonable ground to believe that the person has such right, *** the person recklessly damages property of another in an amount exceeding $500."

defendant was intoxicated, failed to stop her car at a stop sign, and hit a pickup truck that was going through the intersection. It also presented evidence that both the passenger in defendant's car and the driver of the pickup truck were injured.

The case was tried to a jury. During a break at trial, the prosecutor requested a special jury instruction, which was based on an instruction given in *State v. Stringer*, 49 Or App 51, 618 P2d 1309 (1980), *aff'd*, 291 Or 527, 633 P2d 770 (1981), *rev'd on other grounds on reh'g*, 292 Or 388, 639 P2d 1264 (1982). Defense counsel objected to the instruction, and the court postponed argument on the matter until a later time. After both sides had rested, the court returned to the subject. The court, which had read the proposed instruction and *Stringer*, presented an edited version of the instruction. The court's version of the instruction described the general duties of a driver to drive at a reasonable speed, keep a reasonable lookout, and maintain reasonable control of his or her vehicle. It provided:

> "The driver of a motor vehicle is required by law to drive upon a highway or premises open to the public at a speed no greater than is reasonable and prudent, having due regard for the traffic, surface and width of the road, hazards at intersections and any other conditions existing. A driver has a continuing duty to keep a reasonable lookout and maintain the automobile under reasonable control, and that is such as would be exercised by a reasonable person."

Defense counsel objected to the instruction, arguing that *Stringer* involved the mental state of criminal negligence, whereas defendant's charges required recklessness, and that "including a negligence-laden instruction would create a substantial risk that the jury would convict [defendant] on a lower mental state *** than is required in this case." Counsel reiterated, "I believe that this creates a substantial risk that the jury will convict [defendant] based on a theory of negligence instead of recklessness[.]"

The court rejected that argument, concluding that the instruction properly stated the standard of care. Defense counsel then proposed an additional sentence that would tell the jury that "a breach of this duty is not reckless in itself."

However, after the prosecutor objected, defense counsel said, "Yeah, actually if—if [the prosecutor] argues what I anticipate, then it'll kind of be a—that sentence will be a moot point, I suppose." The court responded, "Okay. I'm not going to go there, then." After closing arguments, the court gave the instruction set out above. It noted that defendant took exception to the instruction. The jury convicted defendant on all counts.

Defendant appeals, raising two assignments of error. In the first, she contends that the trial court erred in giving the instruction, arguing that the instruction did not state the proper standard of care for recklessness and, therefore, was irrelevant to the charges. She asserts that the instruction suggested to the jury that it could convict her based on the mental state of negligence, rather than recklessness. In other words, she asserts that the instruction suggested to the jury that it could convict her of recklessness for breaching the general duties of a driver. In her second assignment of error, defendant contends that the trial court erred in failing to instruct the jury that a breach of the general duties of a driver "is not reckless in itself" because, in the absence of an explanation of how to apply the duties-of-a-driver instruction, the instruction likely misled the jury. The state responds that defendant did not preserve any of the arguments that she makes on appeal. Alternatively, the state remonstrates that the instruction was permissible under *Stringer*.

Defendant preserved the argument that she makes in her first assignment of error. In response to the court's proposed instruction, defense counsel objected that this case was distinguishable from *Stringer* and that the instruction "create[d] a substantial risk that the jury will convict [defendant] based on a theory of negligence instead of recklessness." That is, defense counsel argued that the instruction would mislead the jury because it stated the standard of care for negligence, not the standard of care for recklessness. Defendant advances the same argument in her first assignment of error.

Defendant failed to preserve the arguments that she raises in her second assignment of error. As noted above,

shortly after defense counsel proposed adding a clarifying sentence to the instruction, he conceded that, "if [the prosecutor] argues what I anticipate, then it'll kind of be a—that sentence will be a moot point, I suppose." The court responded, "Okay. I'm not going to go there, then." Defense counsel said, "Okay." Thus, defense counsel withdrew his request for a clarifying sentence by conceding that it was a moot point, and the court relied on that concession in denying the request. Defendant did not propose adding any other language to the instruction.

We turn to the merits of defendant's first assignment of error. "'We review jury instructions as a whole and will reverse only if we can fairly say that the instructions probably created an erroneous impression of the law in the minds of the jurors that affected the outcome of the case.'" *State v. Tucker*, 241 Or App 457, 463, 251 P3d 224 (2011) (quoting *Maass v. Willer*, 203 Or App 124, 129, 125 P3d 87, (2005), *rev den*, 340 Or 411 (2006)); *see also State v. Bowen*, 340 Or 487, 516, 135 P3d 272 (2006), *cert den*, 549 US 1214 (2007) ("Article VII (Amended), section 3, of the Oregon Constitution * * * requires this court to affirm judgments of lower courts if, in the opinion of this court, the judgment achieved the correct result, even if error was committed." (Internal quotation marks omitted.)).

Because it is dispositive, we begin with *Stringer*. In that case, the trial court gave a similar instruction explaining the duties of a driver on a charge of criminally negligent homicide that arose from the defendant hitting a pedestrian with his vehicle.[5] The defendant appealed his conviction,

---

[5] The defendant was charged with second-degree manslaughter, but the jury convicted him of the lesser-included offense of criminally negligent homicide.

The court instructed the jury as follows:

"Now, the defendant had a duty to exercise reasonable control over his vehicle, to maintain a reasonable lookout and to drive at a reasonable speed. I instruct you that it is the continuing duty of a driver of a motor vehicle to keep and maintain a reasonable lookout for other vehicles or persons on the street or highway. A reasonable lookout means such as would be maintained by a reasonably prudent person under the same or similar circumstances. In determining this question you should take into consideration the extent or degree of danger reasonably to be expected. A person does not comply with the duty to keep a reasonable lookout by simply looking and not seeing that which is plainly visible and which would have been seen by a reasonably prudent person under the same circumstances.

arguing that the instruction stated the standard of care for civil negligence and was inapposite in a case involving criminal negligence, which was defined by statute. The statutory definition of criminal negligence provides:

> "'Criminal negligence' or 'criminally negligent,' when used with respect to a result or to a circumstance described by a statute defining an offense, means that a person fails to be aware of a substantial and unjustifiable risk that the result will occur or that the circumstance exists. The risk must be of such nature and degree that the failure to be aware of it constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation."

ORS 161.085(10). In affirming, we noted that, in addition to giving the disputed instruction, the trial court had instructed the jury on criminal negligence "using language nearly identical to that used in [ORS 161.085(10)]." 49 Or App at 54. Specifically, we explained:

> "The law, whether criminal or civil, imposes a duty to exercise that degree of care that a reasonably prudent person would use under the circumstances. Where criminal and civil law differ is in the degree of the breach of duty which must be shown in order to give rise to liability. Civil liability for negligence may be found where there is merely an inadvertent breach of duty or imprudent conduct. The breach must be greater for criminal liability to result. The state is required to show that the accused's conduct constituted a 'gross deviation' from the standard of care.
>
> "In this case, the jury was instructed that 'the defendant had a duty to exercise reasonable control over his vehicle, to maintain a reasonable lookout and to drive at a reasonable speed.' The trial court completed the instruction by explaining in general terms what the duties of reasonable control, lookout and speed entail. These were correct statements

---

"I instruct you that an operator of a motor vehicle has a continuing duty to keep and maintain his or her automobile under reasonable control, and that is such a degree of control as would be exercised by a reasonably prudent person in the same or similar circumstances.

"I instruct you that a person is required by law to drive a vehicle upon a highway at a speed no greater than is reasonable and prudent, having due regard to the traffic, surface and width of the highway, the hazard at intersections, and any other conditions then existing."

*Stringer*, 49 Or App at 53 n 1.

of the standard of care owed by defendant and all other motor vehicle operators when using the public highways. The trial court also instructed the jury that, in order to find defendant guilty of criminally negligent homicide, it would have to find that his conduct constituted a gross deviation from this standard of reasonable care. This instruction correctly informed the jury as to the degree of the breach of duty which was requisite to a finding of criminal liability under [the criminally negligent homicide statute]."

*Id.* at 54-55 (citation omitted).

In the present case, in addition to giving the disputed instruction, the trial court correctly instructed the jury on the meaning of recklessness. It stated:

"A person acts recklessly if that person is aware of and consciously disregards a substantial and unjustifiable risk that a particular result will occur or a particular circumstance exists. The risk must be of such nature and degree that disregarding it constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation."

*See* ORS 161.085(9); UCrJI 1037. Then the court provided the definition of each offense. *See* 256 Or App at 429 nn 1-4 (defining offenses).

The argument that defendant makes here is analogous to the argument that the defendant made in *Stringer*. There, the defendant argued that the standard of reasonable care that applied in civil negligence cases was not the same standard of reasonable care that applied in criminal negligence cases. He contended that, as a result, it was error to explain to the jury the duties of a driver. We rejected that argument, explaining that everyone is under "a duty to exercise that degree of care that a reasonably prudent person would use under the circumstances." *Stringer*, 49 Or App at 54. The trial court did not err in "explaining in general terms" what the duties of a driver entail because the instruction correctly stated "the standard of care owed by [the] defendant and all other motor vehicle operators when using the public highways." *Id.* at 55.

Similarly, here, defendant argues that the disputed instruction regarding the general duties of a driver was irrelevant. We disagree. The instruction could inform the jury's determination of whether defendant acted recklessly.

ORS 161.085(9), defining "recklessly," provides that "[t]he risk [that the defendant is aware of and consciously disregards] must be of such nature and degree that disregard thereof constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation." Thus, like the defendant in *Stringer*, a defendant charged with crimes with the mental state of recklessness has "a duty to exercise that degree of care that a reasonably prudent person would use under the circumstances."[6] 49 Or App at 54. Specifically, for crimes that arise from a defendant's driving, the defendant's disregard of the risk must constitute a gross deviation from the degree of care that a reasonable *driver* would observe in the situation. *Morehouse v. Haynes*, 350 Or 318, 331, 253 P3d 1068 (2011) (characterizing the inquiry for the jury as to the standard of care for recklessness as whether "a reasonable driver, knowing what [the] defendant knew, would follow the cautionary signs and keep his eyes on the road while negotiating what the signs warned him was a sharp turn"). As in *Stringer*, here, the disputed instruction explained, in general terms, the degree of care that a reasonable driver observes. That was not error. The instruction provided a yardstick by which the jury could compare a reasonable person's disregard of risks (demonstrated through the reasonable person's driving) to defendant's disregard of the risk (demonstrated through defendant's driving).

We note, however, that the instruction could be misused. A driver is not reckless simply because the driver violates the general duties of a driver by, for example, speeding or running a stop sign. Such conduct may constitute civil negligence, but it does not necessarily constitute criminal negligence or recklessness. Generally, criminal liability

---

[6] The difference between the two mental states is that a criminally negligent defendant grossly deviates from the standard of care of a reasonable person by *failing to be aware of a risk*, whereas a reckless defendant grossly deviates from the standard of care of a reasonable person by *consciously disregarding a known risk*. *Compare* ORS 161.085(10) *with* ORS 161.085(9).

requires both an act and a culpable mental state. To prove recklessness, the state must prove that (1) there was a substantial and unjustifiable risk that a particular result would occur or that a particular circumstance existed; (2) the defendant was aware of that risk; (3) the defendant consciously disregarded the risk; and (4) the act of disregarding the risk constituted a gross deviation from the standard of care that a reasonable person would observe in the situation. ORS 161.085(9). Thus, to be precise, when determining whether a driver is guilty of a reckless crime, a jury must focus on the driver's decision making, not just his or her driving.

In sum, to conclude that defendant was reckless, as to each charge, the jury had to determine that defendant was aware of and consciously disregarded a substantial and unjustifiable risk and that her disregard of the risk was a gross deviation from the standard of care that a reasonable driver would observe in the situation. The instruction assisted the jury in its task by explaining how a reasonable person would drive.[7]

Affirmed.

---

[7] As explained above, defendant did not preserve her argument that the trial court erred in failing to instruct the jury that a breach of the general duties of a driver "is not reckless in itself."