PER CURIAM
*897 Defendant appeals a judgment of conviction for failure to perform the duties of a driver, ORS 811.700 (Count 1); recklessly endangering another person, ORS 163.195 (Counts 2 and 3);[1] reckless driving, ORS 811.140 (Count 4);[2] and criminal mischief in the second degree, ORS 164.354 (Count 5).[3]
*1035 Counts 2 through 5 required the state to prove that defendant had acted "recklessly" in committing the charged crimes. Defendant challenges his convictions on Counts 2 through 5 contending that there was insufficient evidence to support a finding that he had acted recklessly. The state concedes error on Counts 2 through 5. We agree, accept the state's concession, and reverse defendant's convictions on Counts 2, 3, 4, and 5 and otherwise affirm.
To prove that a defendant acted recklessly for purposes of the crimes charged in Counts 2 through 5, the state had to prove (1) the existence of a substantial and unjustifiable risk that a particular result would occur or that a particular circumstance existed; (2) the defendant was aware of that risk; (3) the defendant consciously disregarded that risk; and (4) the act of disregarding the risk constituted a gross deviation from the standard of care that a reasonable person would observe in the situation. ORS 161.085(9) (defining "recklessly" for purposes of state criminal code); see State v. Clark , 256 Or. App. 428, 435-36, 300 P.3d 281 (2013) (discussing import of recklessness under ORS 161.085(9) ).
Here, the charges against defendant arose from an incident in which defendant drove his car into the side of a neighbor's home when he fell asleep while driving home. The only evidence of recklessness was that defendant began to feel drowsy about one mile from his home, when his "eyelids *898 dropped, and he snapped back up awake." We agree with the state that defendant's decision to drive an additional mile home after becoming drowsy could not be found to constitute a gross deviation from the standard of care that a reasonable person would observe in the situation. See State v. S. N. R. , 260 Or. App. 728, 739, 320 P.3d 569 (2014) (defendant's decision to look for the next appropriate place to pull over did not constitute a gross deviation from the standard of care that a reasonable person would observe in the situation). Therefore, we conclude that the state failed to prove that defendant acted recklessly for purposes of the crimes charged in Counts 2 through 5.
Convictions on Counts 2, 3, 4, and 5 reversed; otherwise affirmed.

Recklessly endangering another person occurs when a defendant "recklessly engages in conduct which creates a substantial risk of serious physical injury to another person." ORS 163.195(1).

Reckless driving occurs when a defendant "recklessly drives a vehicle upon a highway * * * in a manner that endangers the safety of persons or property." ORS 811.140(1).

As relevant here, second-degree criminal mischief occurs when a defendant, "having no right to do so nor reasonable grounds to believe [he or she] has such a right," "recklessly damages property of another in an amount exceeding $500." ORS 164.354(1)(b).