108 June 4, 2025 No. 498

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ANGEL MARIE ROGERS,
*Defendant-Appellant.*

Marion County Circuit Court
22CR43587; A183447

Audrey J. Broyles, Judge.

Submitted May 15, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Neil F. Byl, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and E. Nani Apo, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

TOOKEY, P. J.

Affirmed.

**TOOKEY, P. J.**

Defendant appeals from a judgment of conviction for one count of second-degree manslaughter (Count 1), ORS 163.125,[1] and for one count of recklessly endangering another person (Count 3), ORS 163.195,[2] entered after a stipulated facts bench trial. In two assignments of error, one with respect to each of those counts, defendant challenges the sufficiency of the evidence in the record to prove beyond a reasonable doubt that she acted recklessly, the necessary mental state for both crimes. "[E]xamining the evidence in the light most favorable to the state," we conclude that "a rational trier of fact, accepting reasonable inferences and reasonable credibility choices, could have found [reckless-ness] beyond a reasonable doubt." *State v. Cunningham*, 320 Or 47, 63, 880 P2d 431 (1994), *cert den*, 514 US 1005 (1995). We therefore affirm.

This case concerns whether defendant's conduct was reckless, an essential element of both second-degree man-slaughter and reckless endangerment. A person's conduct is reckless when he or she "is aware of and consciously disre-gards a substantial and unjustifiable risk" that a particular outcome will occur, and the "risk must be of such nature and degree that disregard thereof constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation." ORS 161.085(9).

Defendant argues, with respect to both convictions, that she "did not act recklessly in running [a] stop sign because she did not see the stop sign and therefore was not aware of and did not consciously disregard a substantial risk that her running the stop sign would cause her passenger's serious physical injury or death." We are not persuaded by that argument, which, as the state argued before the trial court, rests on a "narrow view of the scope of the accident." The record shows that, leading up to the accident, defendant

---

[1] ORS 163.125(1)(a) provides that "criminal homicide constitutes second-degree manslaughter when *** it is committed recklessly."

[2] ORS 163.195(1) provides that:

"A person commits the crime of recklessly endangering another person if the person recklessly engages in conduct which creates a substantial risk of seri-ous physical injury to another person."

was "under the influence of methamphetamine and fleeing from the scene of a crime, [driving] directly into an intersection with a larger road without slowing down or looking for a stop sign or oncoming vehicles[.]" The record also shows that "[i]t was dark and defendant did not have her headlights on, and she had a passenger in the car who was not wearing a seatbelt."[3]

Considering that evidence, we conclude that a rational trier of fact could have inferred, beyond a reasonable doubt, that defendant acted recklessly. *See State v. Stuart*, 283 Or App 672, 676-77, 389 P3d 1157 (2017) (explaining that a driver's recklessness may "be inferred * * * from objective facts"); *see also State v. Clark*, 256 Or App 428, 436, 300 P3d 281 (2013) (explaining that "when determining whether a driver is guilty of a reckless crime, [the trier of fact] must focus on the driver's decision making, not just his or her driving").

Affirmed.

---

[3] We note that defendant's passenger was the victim in the conviction for second-degree manslaughter, but the driver of another vehicle was the victim in the conviction for reckless endangerment.