No. 539 June 10, 2026 567

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

EMILY ANN LAMPRECHT,
*Defendant-Appellant.*

Multnomah County Circuit Court
23CR55856; A184422

Steffan Alexander, Judge.

Submitted May 21, 2026.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Emma Izaguirre, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Interim Deputy Attorney General, and Megan Mizuta, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Joyce, Judge, and Hellman, Judge.

PER CURIAM

Affirmed.

## PER CURIAM

Defendant appeals from a judgment of conviction for reckless driving. On appeal, she contends that the trial court erred when it declined to give a special jury instruction on the definition of "recklessly." Because the jury instruction was unnecessary because it was covered by other instructions and risked misleading the jury, we affirm.

The state charged defendant with reckless driving after an officer claimed to have observed defendant swerving towards her marked police car while leaning out of the driver's window to film the officer. According to the officer, the incident lasted between one and two minutes and, at one point, the officer observed defendant having to "slam on her brakes really hard to not hit that car in front of her."

At trial, defendant asked the court to instruct the jury that "[a] driver is not reckless simply because the driver violates the general duties of a driver by, for example, speeding or running a stop sign. Such conduct may constitute civil negligence, but it does not necessarily constitute criminal negligence or recklessness."[1] The trial court declined to give that instruction, finding that it was structured within the context of "specific factual allegations that ha[ve] the potential of misleading or confusing the jury because those factual examples are not at issue." The court was also concerned that the instruction risked "the Court commenting on the evidence or invading the province of the jury because of the specific examples." The court instructed the jury on the definition of "recklessly" based on Uniform Jury Instruction 1037.[2] The jury found defendant guilty.

---

[1] That instruction draws upon *State v. Clark*, 256 Or App 428, 435, 300 P3d 281 (2013).

[2] That instruction provided, in full, that

"[a] person acts recklessly if that person is aware of and consciously disregards a substantial and unjustifiable risk that a particular result will occur or [circumstance exists]. The risk must be of such nature and degree that disregarding it constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation. When used in the phrase 'the vehicle was driven "recklessly" in a manner that endangered the safety of persons or property,' 'recklessly' means that the person is aware of and consciously disregards a substantial and unjustifiable risk that she was driving a vehicle in a manner that endangered the safety of persons or property. The risk must be of such nature and degree that disregard thereof constitutes

On appeal, defendant reprises her argument that she was entitled to the special jury instruction that she requested. We disagree. A trial court does not err in failing to give an instruction if it is "unnecessary because the instructions that the trial court gave fully covered the substance of the requested instruction." *State v. Roberts*, 293 Or App 340, 345, 427 P3d 1130 (2018). "[W]hat matters is whether the requested instruction is necessary to adequately inform the jury of the applicable law *** or to avoid confusing or misleading the jury." *Id.* at 346 (citation omitted).

The instruction that the trial court gave met that standard. It defined recklessness and what the jury was required to find to conclude that defendant committed the crime. Although defendant's requested special jury instruction included examples of what does *not* constitute recklessness, a court "is not required to also provide negative or 'converse' instructions describing in what circumstances an element might not be established." *See id.* (internal quotation marks omitted). What is more, as the trial court observed when it declined to give the instruction, the special instruction carried the risk of confusing the jury, inasmuch as it involved hypothetical factual situations (running a stop sign or speeding) that were not present in the case.

Affirmed.

---

a gross deviation from the standard of care that a reasonable person would observe in the situation."