Argued and submitted March 16, reversed and remanded for entry of a new judgment and for resentencing May 4, 1981

## STATE OF OREGON,
### *Respondent,*
#### *v.*
## CHRISTOPHER GLEN CAPWELL,
### *Appellant.*
## (No. 119,758, CA 19264)
627 P2d 905

J. Michael Alexander, Salem, argued the cause for appellant. With him on the brief was Brown, Burt, Swanson and Lathen, P. C., Salem.

R. Wayne Torneby, Certified Law Student, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, John R. McCulloch, Jr., Solicitor General, and William F. Gary, Deputy Solicitor General, Salem.

Before Gillette, Presiding Judge, and Roberts and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

This is a criminal case in which defendant seeks reversal of his conviction for Assault in The Fourth Degree. ORS 163.160. Defendant contends that the trial court erred in denying his motion for acquittal on the basis of insufficient evidence. We agree and reverse his conviction.[1]

ORS 163.160 provides, in pertinent part, that a person commits the crime of Assault in the Fourth Degree if he "intentionally, knowingly or recklessly causes physical injury to another. * * *" "Physical injury" is defined as "impairment of physical condition or substantial pain." ORS 161.015(6). Defendant claims that there is no evidence that the alleged victim suffered any impairment of his physical condition or substantial pain.

At approximately 3 a.m. on June 1, 1980, the victim's wife noticed a man, later identified as the defendant, standing in front of their house and carrying a gas can. She awakened her husband, Tenderella, who is an Oregon State Police officer. After dressing he picked up his nightstick and went outside to investigate the matter. He told the defendant to stop where he was. The defendant, who appeared startled, swung the gas can at Tenderella but did not hit him. Tenderella identified himself as a police officer and began to question the defendant about his activities. At that point, he noticed a bulge underneath the defendant's coat and attempted to pat him down for weapons. The defendant pulled back and swung the gas can at Tenderella again, this time hitting him in the arm. Tenderella testified that he felt pain, a stinging sensation, when the defendant hit him.

Tenderella told the defendant that he was under arrest. The defendant attempted to leave and Tenderella tried "to put him down" by hitting him around the knee area with his nightstick. The defendant reacted by swinging the gas can and kicking out at Tenderella. At one point

---

[1] Defendant also claims that the trial court erred in conditioning his probation on the requirement that he "obey all rules and regulations imposed upon him by * * * [the] Marion County Department of Community Corrections." Because of our disposition of defendant's first assignment of error, we need not reach this issue.

the defendant kicked him in the arm, knocking the nightstick out of his hand. The victim testified that this "hurt." He could not recall, however, whether the defendant was wearing soft or hard shoes.[2]

The officer did not know exactly how many times he was hit with the gas can. He stated that it was a "couple of times" and that each time he stopped the blow with his arm. He reported no sensation other than it "hurt" and was painful. There is no indication of bruising or any other injury to the victim. He stated that he did not seek medical treatment after the scuffle and did not miss any work.

The question to be answered in determining the sufficiency of the evidence in this case is

"* * * whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 US 307, 319, 99 S Ct 2781, 61 L Ed 2d 560 (1979); *State v. Harris,* 288 Or 703, 721, 609 P2d 798 (1980); *State v. Rice,* 48 Or App 115, 117, 616 P2d 538, *rev den* 289 Or 731 (1980).

There is no evidence that the victim suffered any impairment of his physical condition as a result of defendant's blows. The question is whether there is sufficient evidence to allow the jury to find, beyond a reasonable doubt, guilt according to the alternative statutory requirement, *viz.,* that the victim suffered substantial pain. We conclude that there is not.

"Substantial" is defined as

"(1) That is or exists as a substance; having a real existence, subsisting by itself; (2) of ample or considerable amount, quantity or dimensions, (3) having substance, not imaginary, unreal or apparent only; true, solid real." Oxford English Dictionary, Compact Edition.(1971).

Substantial pain means considerable pain. In this case, the victim testified that he had pain and that it hurt when the defendant struck him. There is no other evidence of the degree of the pain or that it was anything more than a

---

[2] These facts are presented in a light most favorable to the state. The defendant claimed that Officer Tenderella hit him first and that he, the defendant, was acting in self-defense.

fleeting sensation.[3] The state was required to prove that the defendant's blows caused either physical impairment or substantial pain to the victim. We conclude that there was insufficient evidence to support such a finding in this case.

Having stated that the evidence is insufficient to convict defendant of the offense of Assault in the Fourth Degree, the question remains: what disposition must be made of this case?

■ Assault in the Fourth Degree is a Class A misdemeanor. ORS 163.160. ORS 161.405 provides, in pertinent part:

"(1) A person is guilty of an attempt to commit a crime when he intentionally engages in conduct which constitutes a substantial step toward commission of the crime.

"(2) An attempt is a:

"* * * * *

"(e) Class B misdemeanor if the offense attempted is a Class A misdemeanor.

"* * * * *"

The Oregon Constitution, Amend Art VII, § 3 directs:

"* * * if, in any respect, the judgment appealed from should be changed, and the [appellate court] shall be of the opinion that it can determine what judgment should have been entered in the court below, it shall direct such judgment to be entered * * *."

In the present case, the trier of fact necessarily found that defendant had taken a "substantial step" toward commission of the assault offense. Entry of a judgment for Attempted Assault in the Fourth Degree is appropriate.[4]

---

[3] The legislative history reveals that criminal assault, in whatever degree, requires the infliction of actual physical injury. Petty batteries not producing injury do not constitute criminal assault. *See* Criminal Law Revision Commission, Proposed Criminal Code, Final Draft, 123, Commentary to § 94 and 219 Commentary to § 223. The term "physical injury" recognizes that the cause of such an injury is some form of external violence that produces a harmful effect upon the body. *See* Criminal Law Revision Commission, Proposed Criminal Code, Final Draft, 3, Commentary to § 3.

[4] ORS 163.160 provides that Assault in the Fourth Degree may be committed "intentionally, knowingly *or recklessly.*" However, our disposition of this case is permissible because the trial court, in instructing the jury, instructed the jury that they must find that the defendant acted intentionally. No mention was made of recklessness.

Reversed and remanded for entry of a new judgment and for resentencing.[5]

---

[5] Defendant's second assignment of error which relates to a condition of probation appears to also be well taken, but can be resolved upon resentencing without discussion here.