**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4340**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ADOLFO QUIJIVIX-XICARA, a/k/a Adolfo Xicara,
a/k/a Adolfo Quijivix, a/k/a Antonio
Masariegos, a/k/a Mariano Riscajche-Lopez,

Defendant - Appellant.

Appeal from the United States District Court for the Western
District of North Carolina, at Charlotte. Frank D. Whitney,
District Judge. (3:06-cr-00044)

Submitted: September 28, 2007      Decided: November 14, 2007

Before TRAXLER and GREGORY, Circuit Judges, and WILKINS, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Cecilia Oseguera, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA,
INC., Charlotte, North Carolina, for Appellant. Gretchen C. F.
Shappert, United States Attorney, Kenneth M. Smith, Assistant
United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Adolfo Quijivix-Xicara pled guilty to illegal reentry of a deported alien felon, in violation of 8 U.S.C. § 1326(a), (b)(2) (2000), and the district court sentenced him to a fifty-two-month term of imprisonment. Quijivix-Xicara appeals his sentence, challenging the district court's enhancement of his base offense level by sixteen levels after finding that his prior third degree assault conviction under Or. Rev. Stat. § 163.165(1)(h) (2003) qualified as a crime of violence, see U.S. Sentencing Guidelines Manual § 2L1.2(b)(1)(A)(ii) & cmt. n.1(B)(iii) (2005). Finding no reversible error, we affirm.

Quijivix-Xicara asserts on appeal that his prior Oregon third degree assault conviction does not qualify as a crime of violence under the guidelines because the statute does not have as an element the use, attempted use, or threatened use of physical force against another. "In assessing a challenge to a sentencing court's application of the Guidelines, we review the court's factual findings for clear error and its legal conclusions de novo." United States v. Allen, 446 F.3d 522, 527 (4th Cir. 2006). Our review of the record leads us to conclude that third degree assault under § 163.165(1)(h) qualifies as a crime of violence under the guidelines. See Taylor v. United States, 495 U.S. 575, 602 (1990) (discussing categorical approach); State v. Capwell, 627 P.2d 905, 907 n.3 (Or. Ct. App. 1981) ("The term 'physical injury'

[in the criminal assault statute, regardless of degree,] recognizes that the cause of such an injury is some form of external violence that produces a harmful effect upon the body").

Accordingly, we affirm.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

- 3 -