Submitted June 10, reversed and remanded for entry of judgment finding youth within jurisdiction of juvenile court for conduct constituting attempted fourth-degree assault; otherwise affirmed August 3, 2016

In the Matter of M. S. T.-L.,
a Youth.

STATE OF OREGON,
*Respondent,*

*v.*

M. S. T.-L.,
*Appellant.*

Washington County Circuit Court
J140230;
Petition Number 08J140230;
A158507

380 P3d 1220

Ricardo J. Menchaca, Judge.

Christa Obold Eshleman filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Paul L. Smith, Deputy Solicitor General, and Lauren P. Robertson, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Egan, Judge, and Shorr, Judge.

## PER CURIAM

Youth appeals a juvenile court delinquency judgment finding him within the court's jurisdiction based on conduct that, if committed by an adult, would constitute fourth-degree assault, ORS 163.160. Youth and the victim were involved in a physical altercation. The state filed a delinquency petition, alleging, among other things, that the juvenile court should find youth within its jurisdiction because youth had assaulted the victim.[1] The case went to trial, and youth argued in closing argument that the juvenile court could not find youth within its jurisdiction because no reasonable factfinder could find that youth had caused physical injury to the victim—an essential element of fourth-degree assault. The juvenile court disagreed and entered a delinquency judgment on the sole basis that youth had committed acts that would constitute fourth-degree assault if committed by an adult. Youth appeals that judgment, contending that no reasonable factfinder could find that youth had caused physical injury to the victim, and, therefore, the juvenile court erred when it found him within its jurisdiction. The state concedes that the juvenile court erred but argues that we should reverse and remand for entry of a judgment finding youth to be within the jurisdiction of the juvenile court for conduct constituting attempted fourth-degree assault.

We accept the state's concession. A person commits fourth-degree assault under ORS 163.160 by acting with the requisite culpable mental state to cause physical injury to another person. ORS 161.015(7) defines "physical injury" for purposes of the criminal code as "impairment of physical condition or substantial pain." We have held that, for an injury to constitute an impairment of physical condition, it must reduce the victim's ability "to use the body or a bodily organ." *State v. Higgins*, 165 Or App 442, 447, 998 P2d 222 (2000). We also have held that, to constitute "substantial pain," the pain must be ample and more than fleeting. *State v. Poole*, 175 Or App 258, 261, 28 P3d 643 (2001). Here, the

---

[1] The delinquency petition also alleged that the juvenile court should find youth within its jurisdiction for committing attempted fourth-degree assault against a person other than the victim. As to that allegation, the juvenile court found that youth was not within its jurisdiction.

state's evidence was insufficient to support a finding on either basis that the victim had suffered a physical injury.

However, we also agree with the state that the appropriate disposition is to reverse and remand to the juvenile court to enter a delinquency judgment finding youth within the court's jurisdiction for conduct that, if committed by an adult, would constitute attempted fourth-degree assault. *See State v. Capwell*, 52 Or App 43, 47, 627 P2d 905 (1981) (reversing and remanding fourth-degree assault conviction for entry of judgment for attempted fourth-degree assault when state had failed to present evidence from which a reasonable factfinder could find that defendant had caused physical injury to another).

Reversed and remanded for entry of judgment finding youth within jurisdiction of juvenile court for conduct constituting attempted fourth-degree assault; otherwise affirmed.