HADLOCK, P. J.
*341 Defendant, who slapped his three-year-old son on the face hard enough to leave a red mark that persisted for several days, challenges his convictions for first-degree criminal mistreatment, ORS 163.205, and third-degree assault, ORS 163.165. An element of both those crimes, as charged in this case, is that the defendant caused the victim "physical injury." ORS 163.205(1)(b)(A) ; ORS 163.165(1)(h). "Physical injury" is defined, in turn, to mean "impairment of physical condition or substantial pain." ORS 161.015(7). Defendant argues that the trial court erred by not giving his requested jury instruction defining the term "substantial pain" for purposes of those two charges; he wished to have the jury instructed, among other things, that "substantial pain" does not include pain that is only "fleeting." Given the evidence admitted in this case, we conclude that defendant was entitled to have the jury instructed that pain that is only "fleeting" is not "substantial pain." We also conclude that the instructional error was not harmless. Accordingly, we reverse and remand.
We review "a trial court's refusal to give a requested jury instruction for errors of law." State v. McNally , 361 Or. 314, 320, 392 P.3d 721 (2017). Subject to exceptions that we discuss below, "[a] criminal defendant is entitled to have the jury instructed in accordance with his or her theory of the case if the instruction correctly states the law and there is evidence to support giving it." Id. In determining whether evidence supports giving the defendant's proposed instruction, we view the facts in the light most favorable to giving that instruction. State v. Wolf , 260 Or. App. 414, 417, 317 P.3d 377 (2013). Accordingly, although we summarize the pertinent evidence admitted at trial to provide context for the discussion that follows, our analysis necessarily focuses on the evidence that defendant contends would support a determination that his son did not experience substantial pain as a result of being slapped.
One night when defendant and his former partner (Rainwater) were under the influence of methamphetamine, their three-year-old son, J, spilled hair dye on the floor. Rainwater asked defendant to discipline J; defendant responded *342 by slapping J on the face. J screamed, but Rainwater did not notice any injury on him at the time. The next day, Rainwater's mother, Zehe, observed a large red handprint on the side of J's face. J told Zehe, "my daddy smacked me" for not "being good." Zehe photographed J's face and called the police. A responding deputy observed finger marks and swelling on J's face, which he photographed. The following day, J was examined at CARES by Hansen, a nurse practitioner with 22 years of experience. Hansen observed a large red bruise on J's face, indicating broken blood vessels close to the surface of the skin. She also noticed a little bit of swelling. Hansen, who has seen "a couple hundred" bruises caused by slapping, *1133 believed that the bruise of J's face was consistent with having been slapped. Hansen opined that the force that caused the bruise would have also caused substantial pain. The marks faded two or three days after J was examined at CARES; they never turned black and blue. The record includes no evidence that J complained of pain after the incident.
Defendant was charged with first-degree criminal mistreatment, third-degree assault, fourth-degree assault, and harassment. The case was tried to a jury, which heard evidence of the facts described above. In addition, defendant presented testimony from Sheridan, who is the director of a "forensic healthcare education research and intervention program" at a college of nursing and who also serves as a forensic nurse consultant for the State of Oregon. Sheridan has specialized knowledge in the science of bruising, has authored about 30 publications related to bruises and other injuries to the skin, and has lectured hundreds of times on the topic of forensic wound identification.
Sheridan reviewed the police reports, photographs, and CARES report in this case. In his assessment, the injury to J's face "was erythema, redness, a patterned injury, redness consistent with a slap like mechanism of injury." Sheridan would not characterize the injury as a bruise, which would involve "the escape of blood from the cells"; rather it was erythema, "the medical definition of [which] is redness." He explained that even a "very, very minor injury" will produce an inflammatory response resulting in "this redness." In Sheridan's opinion, the mark on J's face *343 represented a superficial injury that would not have caused substantial pain.
The parties and the court discussed jury instructions after the parties rested their cases. Everyone agreed to uniform instructions defining the elements of the charged crimes and the statutory definition of "physical injury," including "substantial pain." Accordingly, as relevant here, the court instructed the jury that the crimes of third-degree assault, fourth-degree assault, and first-degree criminal mistreatment all include the element that the defendant "caused physical injury." The court also instructed the jury that "[t]he term Physical Injury means an injury that impairs a person's physical condition or causes substantial pain ." (Emphasis added.)
In addition to agreeing to those uniform instructions, defendant requested the following special jury instruction explaining the meaning of "substantial pain":
"Substantial pain encompasses both the degree and duration of pain suffered by the victim. Fleeting pain is insufficient.
"* * * * *
"To be substantial, the pain must be ample or considerable and not fleeting or inconsequential."
The state objected and the court declined to give the instruction.
The jury found defendant guilty of criminal mistreatment, third-degree assault, and fourth-degree assault. It acquitted defendant of harassment. The court merged the counts of criminal mistreatment and fourth-degree assault and imposed presumptive guidelines sentences for the resulting criminal-mistreatment and third-degree assault convictions.
On appeal, defendant asserts that the trial court erred by refusing to give his requested special jury instruction on the definition of "substantial pain." He contends that he was entitled to the instruction because it correctly stated the law and the evidence supported it. He further contends that the instructional error was not harmless because the *344 absence of his proposed instruction left the jury without an adequate understanding of the law. According to defendant, "[t]his court's definition of 'substantial pain' is not a matter of common sense or common knowledge, and without [the] detailed definitions [included in defendant's requested instruction], the jury was free to define those terms in a manner inconsistent with the case law."
In response, the state argues that the trial court was not required to give defendant's requested instruction because that instruction "did little more than define for the jury a word of common usage-'substantial'-that jurors were capable of understanding on their own." The state also contends that any error was harmless.
*1134 The parties' arguments implicate basic principles regarding a trial court's obligation to give jury instructions that "state * * * all matters of law necessary for [the jury's] information in giving its verdict." ORCP 59 B; see ORS 136.330(1) (making ORCP 59 B applicable to criminal trials). In general, a party is entitled to a jury instruction on the law that supports that party's theory of the case when "(1) there is evidence to support that theory and (2) the requested instruction is a correct statement of the law." State v. Harryman , 277 Or. App. 346, 356, 371 P.3d 1213, rev. den. , 360 Or. 401, 381 P.3d 843 (2016).
"However, a trial court does not err in refusing to give a proposed instruction-even if legally correct-if the substance of the requested instruction is covered fully by other jury instructions given by the trial court or if the requested instruction is not necessary to explain the particular issue or point of law to the jury."
Id . at 356-57, 371 P.3d 1213 (internal quotation marks, ellipses, and citations omitted).
We begin by considering whether defendant's requested instruction on "substantial pain" correctly stated the law. That instruction had two components, directed at the degree and the duration of the pain. See State v. Long , 286 Or. App. 334, 340, 399 P.3d 1063 (2017) ("The phrase 'substantial pain' refers both to the degree and the duration of pain subjectively experienced by a victim."). First, referencing both degree and duration, the instruction would have *345 informed the jury that pain is substantial only if it is "ample or considerable and not fleeting or inconsequential." That was a correct statement of the law. See id. at 341, 399 P.3d 1063 ("[U]nder our case law, to be 'substantial,' pain must be 'ample' or 'considerable,' and not 'fleeting or inconsequential.' "). Second, focusing specifically on duration, the instruction would have emphasized that "[f]leeting pain is insufficient." That part of the instruction, too, correctly set out the law. See State v. Guzman , 276 Or. App. 208, 212, 366 P.3d 816 (2016) ("As for the duration of the pain, we have repeatedly emphasized that fleeting pain is insufficient."). Thus, both parts of defendant's requested instruction correctly stated the law.
We next consider whether evidence in the record supported defendant's theory of the case, that is, his contention that J suffered only "inconsequential" or "fleeting" pain. It did. Sheridan testified that the mark on J's face was not a bruise, but erythema, which could result from a "very, very minor injury" of a type that did not cause substantial pain. From that testimony, a factfinder could conclude that the state had not proved beyond a reasonable doubt that J suffered substantial pain when defendant slapped him, perhaps based on the understanding that pain associated with the slap was transitory. Cf. State v. Johnson , 275 Or. App. 468, 469-70, 364 P.3d 353 (2015), rev. den. , 358 Or. 833, 370 P.3d 504 (2016) (evidence that victim felt a "sting" when the defendant slapped her was insufficient to support a finding of substantial pain); State v. Rennells , 253 Or. App. 580, 586-87, 291 P.3d 777 (2012), rev. den. , 353 Or. 410, 298 P.3d 1226 (2013) (evidence of bruising that lasted several days was insufficient, standing alone, to establish "substantial pain," where the victim testified about pain she suffered from other incidents but did not testify that she experienced pain from the kicks that caused the bruises). Indeed, defendant emphasized that point in his closing argument, asserting that "there was no evidence suggesting that the child was in pain for any length of time after * * * that initial slap."
The remaining question is whether defendant's requested special instruction was unnecessary because the instructions that the trial court gave fully covered the substance of the requested instruction. See *346 State v. Tucker , 315 Or. 321, 332, 845 P.2d 904 (1993) ("It is not error for a trial court to refuse to give a requested instruction if the instruction given by the court, although not in the form requested, adequately covers the subject of the requested instruction."). A defendant is not entitled, in every case, to a special instruction that is tailored to the particular facts at issue. State v. Pedersen , 242 Or. App. 305, 319, 255 P.3d 556, rev. den. , 351 Or. 254, 264 P.3d 1285 (2011). Moreover, "words of common usage" generally do not *1135 need to be defined for the jury if they are "understandable without elaboration." State v. McDonnell , 313 Or. 478, 497, 837 P.2d 941 (1992). And jury instructions need to explain only the law that does apply in a particular case, that is, "on the elements that the state must establish beyond a reasonable doubt." State v. Harper , 132 Or. App. 29, 32, 888 P.2d 19 (1994), rev. den. , 322 Or. 193, 903 P.2d 887 (1995). The court is "not required to also provide negative or 'converse' instructions" describing in what circumstances an element might not be established. Id. In the end, what matters is whether the requested instruction is necessary to adequately inform the jury of the applicable law, State v. Vanderzanden , 265 Or. App. 752, 756, 337 P.3d 150 (2014), or to avoid confusing or misleading the jury. See Williams et al. v. Portland Gen. Elec. , 195 Or. 597, 610, 247 P.2d 494 (1952) (with respect to jury instructions, "[e]verything which is reasonably capable of confusing or misleading the jury should be avoided"); Harper, 132 Or.App. at 33, 888 P.2d 19 ("Although a jury may benefit from additional, explanatory instructions, the inquiry on appeal is whether the instruction that was given misled the jury[.]").
Here, the court instructed the jury that "physical injury" includes injury that "causes substantial pain." It did not further define "substantial pain." As noted, we have held that pain is "substantial" only if it is " 'ample' or 'considerable' and not 'fleeting or inconsequential.' " Long , 286 Or. App. at 341, 399 P.3d 1063. And-with respect to "the duration of the pain"-"we have repeatedly emphasized that fleeting pain is insufficient." Guzman , 276 Or. App. at 212, 366 P.3d 816. The question before us is whether the jury would have understood that meaning of the term "substantial pain" without the further definition provided by defendant's requested instruction.
*347 To answer that question, we consider the common meaning of the word "substantial" as used within the context of the jury instruction defining "physical injury." Citing dictionary definitions, the state points out that "considerable" and "ample" are synonyms for "substantial" and that "inconsequential" is an antonym for that word. Accordingly, the state contends, defendant's requested instruction "did little more than define for the jury a word of common usage-'substantial'-that jurors were capable of understanding on their own."
We agree with the state that the word "substantial" commonly is understood to include concepts like "ample," "considerable," and not "inconsequential." Those words, when substituted for the word "substantial," would not change the meaning of the term "substantial pain." That is, using any of those adjectives in place of "substantial" (e.g. , "ample pain") results in another term describing pain that has a certain degree or severity . Accordingly, we would agree with the state that defendant's proposed instruction was unnecessary if all it did was supply those common synonyms or antonyms for "substantial." See State v. Montez , 309 Or. 564, 600, 789 P.2d 1352 (1990) (trial court did not err when it refused to give a requested instruction that "added nothing to the instructions given by the trial court").
But defendant's requested instruction went further, also seeking to inform the jury that pain can be "substantial" only if it is "not fleeting." The state has not explained how the word "substantial," as used in the term "substantial pain," would ordinarily be understood to convey the durational requirement that is imposed by our case law. And we conclude that it is unlikely that jurors would understand, without further instruction, that even pain that is significant in degree generally is not "substantial pain"-at least, not for purposes of the element of "physical injury"-if it is only fleeting, i.e. , not substantial in duration .
Our conclusion is based in part on considering the usual meaning of the word "substantial" as used in this context. The most applicable dictionary definition of "substantial" is "considerable in amount, value, or worth." Webster's Third New Int'l Dictionary 2280 (unabridged ed. 2002). That *348 definition suggests that, when used to modify the noun "pain," the word "substantial" carries the connotation of pain that is "considerable in amount," that is, pain that has some significance in degree or severity. That definition of "substantial" is consistent *1136 with our view of how the term "substantial pain" would commonly be understood-as a description of the level of pain that a person is experiencing at a particular point in time. As ordinarily understood, the term does not encompass a durational aspect.
Our cases discussing the meaning of "substantial pain" as used in ORS 161.015(7) have imbued that term with significance that goes beyond its commonly understood meaning. The word "fleeting" first appeared in this context in State v. Capwell , 52 Or. App. 43, 46-47, 627 P.2d 905 (1981), where we held that the evidence was insufficient to support a finding of "substantial pain" because the victim testified only "that it hurt when the defendant struck him" and the record included "no other evidence of the degree of the pain or that it was anything more than a fleeting sensation." See Guzman , 276 Or. App. at 212, 366 P.3d 816 (observing that we first construed "substantial pain" in Capwell ). We did not explain the source or significance of the word "fleeting" in our analysis. And, although Capwell 's initial reference to "fleeting" could reasonably be understood, in context, to mean pain that is so insignificant in degree that it passes quickly, subsequent cases have "clarified that 'substantial pain' encompasses both 'the degree and duration of pain suffered by the victim.' " Guzman , 276 Or. App. at 212, 366 P.3d 816 (emphasis added). Specifically, we have held that the jury can determine that a victim suffered "substantial pain" only if the evidence supports findings that "the victim suffered considerable pain and * * * the duration of the pain was more than fleeting." Id. at 215, 366 P.3d 816 (emphasis added).[1]
Thus, our case law has developed in a way that gives the term "substantial pain" a durational component that a *349 juror would not be likely to perceive absent specific instruction. Defendant's requested special instruction would have informed the jury of something it would not have known otherwise-that "fleeting" pain is not "substantial" and, therefore, that a person who suffers only momentary pain has not suffered a "physical injury." The uniform instructions given by the trial court did not adequately cover that same point. Accordingly, the court erred by not delivering defendant's requested special instruction on "substantial pain," which was legally correct and supported by the record.[2]
Finally, we consider whether the trial court's instructional error requires reversal or, conversely, was harmless. "Instructional error, like any other error, does not justify reversal unless the error was prejudicial." State v. Guckert , 260 Or. App. 50, 60, 316 P.3d 373 (2013), rev. den. , 354 Or. 840, 326 P.3d 77 (2014). Thus, "we must affirm despite error if there is 'little likelihood that the particular error affected the verdict.' " Id . (quoting State v. Davis , 336 Or. 19, 32, 77 P.3d 1111 (2003) ). In this case, the same considerations that lead us to conclude that the trial court erred by not giving defendant's requested instruction also lead us to conclude that the error was not harmless. The evidence is that defendant slapped J a single time. Sheridan testified that the resulting mark on J's face was superficial and not a bruise. From that evidence, the jury could have found that the state did not meet its burden of establishing that J experienced pain for more than a fleeting time. Had the trial court given defendant's requested instruction, the jury would have understood that such a finding would mean, as a matter *1137 of law, that J did not suffer substantial pain and that the jury could not find defendant guilty of the assault and criminal-mistreatment charges. The uniform instruction did not provide the jury *350 with that information. Accordingly, we cannot say that there is "little likelihood" that the court's instructional error affected the verdict. Id .
Reversed and remanded.

That understanding of "substantial pain" has a sound basis in the context of the criminal law. As we explained in Capwell , the legislature intended to define assault crimes to "require[ ] the infliction of actual physical injury" and to exclude "[p]etty batteries not producing injury," that is, "a harmful effect upon the body." 52 Or. App. at 47 n. 3, 627 P.2d 905. In that context, pain that is only fleeting may be said not to have such a "harmful effect."

Although defendant's proposed instruction would have defined "substantial pain" to mean, among other things, pain that is "not fleeting," the instruction is not the kind of "negative or 'converse' " instruction that a court is not required to deliver. Harper , 132 Or. App. at 32-33, 888 P.2d 19. The problem here is that a jury instruction does not adequately define the term "substantial pain"-something the state had the burden of proving existed in this case-unless the instruction states that "substantial pain" has a durational component. As explained above, the instructions that the court delivered did not identify that durational component, while the instruction that defendant proposed would have done so.