Argued and submitted February 28, 2018; affirmed April 1; petition for review allowed, decision of Court of Appeals reversed in part, judgment of circuit court reversed, and case remanded to the circuit court for further proceedings June 4, 2020 (366 Or 551)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CHRISTOPHER ALLEN SHOEMAKER,
*Defendant-Appellant.*

Deschutes County Circuit Court
16CR22762; A162595

464 P3d 136

Defendant appeals a judgment of conviction for fourth-degree assault, ORS 163.160, assigning error to the trial court's denial of his motion for judgment of acquittal and its refusal to give his requested jury instruction defining "physical injury," a required element of the offense. *Held*: The court rejected without discussion defendant's assignment of error challenging the denial of the motion for judgment of acquittal. A paragraph of defendant's proposed jury instruction, which defined "impairment," was correct in the abstract, but had the potential to confuse the jury. For that reason, the trial court did not err in rejecting it.

Affirmed.

Bethany P. Flint, Judge.

Brett J. Allin, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Sharia Mayfield, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Shorr, Judge.

ARMSTRONG, P. J.

Affirmed.

## ARMSTRONG, P. J.

Defendant appeals a judgment of conviction for fourth-degree assault, ORS 163.160, assigning error to the denial of his motion for judgment of acquittal and to the trial court's refusal to give his requested jury instruction defining "physical injury," a required element of the offense.[1] We affirm without discussion the trial court's rejection of defendant's motion for judgment of acquittal and write only to address defendant's contentions regarding the failure to give the requested jury instruction. We conclude that the trial court did not err and affirm.

Officers responded to a call about a domestic dispute from the victim's son, who reported to a 9-1-1 dispatcher that defendant had pushed the victim into a door. At the scene, officers found the victim holding her right side and visibly in pain, but she denied that she was hurt. Officers noticed a small wound on the victim's shoulder, which she said stung. Defendant, who was also present, told officers that he had put his hands on the victim's shoulders to move her out of the way but denied hurting her.

Officers arrested defendant, and he was charged with assault in the fourth degree as a Class C felony, because the victim's minor child had been present during the alleged assault. ORS 163.160(3) (assault committed in the immediate presence of a victim's minor child is elevated to a Class C felony).

As relevant here, ORS 163.160 provides that a person commits the crime of assault in the fourth degree if the person "[i]ntentionally, knowingly or recklessly causes physical injury to another." "Physical injury" is defined as

---

[1] Defendant contends in a supplemental assignment of error that the trial court erred in instructing the jury that it could reach a verdict based on the agreement of 10 or more jurors. Defendant is incorrect. *State v. Bowen*, 215 Or App 199, 202, 168 P3d 1208 (2007), *adh'd to as modified on recons*, 220 Or App 380, 185 P3d 1129, *rev den*, 345 Or 415 (2008), *cert den*, 558 US 815, 130 S Ct 52, 175 L Ed 2d 21 (2009). We note that the United States Supreme Court has granted certiorari in *Ramos v. Louisiana*, ___ US ___, 139 S Ct 1318, ___ L Ed 2d ___ (2019), to consider whether the Sixth Amendment to the United States Constitution requirement of jury unanimity applies to the states under the Fourteenth Amendment to the United States Constitution.

"impairment of physical condition or substantial pain." ORS 161.015(7). Defendant's primary contention at trial was that he had not caused the victim to suffer physical injury. The victim testified that defendant had pushed her out of his way, causing her to stumble into a glass panel. She testified that she may have been hurt on her neck but denied any other injury. Officers testified that, when they arrived at the scene, the victim was visibly in pain, holding her side, with labored movements, and appeared to be struggling to breathe.

The trial court gave the jury a uniform instruction defining "physical injury" that paraphrases the statutory definition:

> "The term physical injury means injury that impairs a person's physical condition or causes substantial pain."

Defendant sought an instruction of "physical injury" that included the above sentence but that also included paragraphs defining "substantial pain" and "impairment":

> "Substantial pain refers to degree and duration of pain suffered by the victim. To be substantial the pain must be ample or considerable. That requirement excludes pain that is fleeting or inconsequential.
>
> "Impairment of a physical condition means harm to the body that results in a reduction in one's ability to use the body or bodily organ for some duration that is less than a protracted period of time."

The trial court declined to give defendant's requested instruction.

On appeal, defendant contends that the trial court erred in failing to give the requested instruction, because it provided correct statements of the law and would have helped the jury in its determination whether defendant had caused the victim physical injury. *See State v. Washington*, 355 Or 612, 621, 330 P3d 596 (2014) (generally, a party is entitled to an instruction on its theory of the case if the instruction correctly states the law and is warranted by the particular facts in the case).

The state responds that the trial court correctly declined to give the requested instruction, either because the supplemental paragraphs were unnecessary in light of the instruction given, which adequately covered the subject of physical injury, *State v. Tucker*, 315 Or 321, 332, 845 P2d 904 (1993) (absence of an instruction is not error if the instructions given by the court adequately cover the subject of the requested instruction), or because the second supplemental paragraph had the potential to confuse the jury.

We agree with the state that the second supplemental paragraph, defining "impairment," although correct in the abstract, had the potential to confuse the jury. In particular, the phrase "for some duration that is less than a protracted period of time" could have caused the jury to misunderstand that it could not convict defendant of fourth-degree assault if the impairment was *not for less than* "a protracted period of time." In other words, if the jury were to find that the victim's impairment *was* "protracted," that phrase could have led the jury to conclude that it could not convict defendant. Defendant asserts that the phrase would not have confused the jury, because it merely addressed the duration of the required impairment and correctly stated that, for the offense of assault in the fourth degree, the impairment *need not* be for a protracted period. But, even assuming that defendant is correct that the jury would not have been confused in that way, the duration of the victim's impairment and whether it was protracted did not bear on assault in the fourth degree as defendant was charged in this case and was not at issue in the case.[2] Thus, that portion of the instruction as proposed could not have helped the jury and could have caused the jury to believe that whether the injury was protracted was relevant. *See, e.g.*, *Staten v. Steel*, 222 Or App 17, 41, 191 P3d 778 (2008), *rev den*, 345 Or 618 (2009) (inclusion of components in an instruction that do not bear on the case have the potential to confuse the

___

[2] Whether impairment is "protracted" is relevant to charges requiring proof of "serious physical injury." *See, e.g.*, ORS 163.160(1)(c) (defining criminally negligent assault in the fourth degree with a motor vehicle); ORS 163.175(1)(b) (defining assault in the second degree); ORS 161.015(8) (defining "serious physical injury" as "physical injury which creates a substantial risk of death or which causes serious and protracted disfigurement, protracted impairment of health or protracted loss of impairment of the function of any bodily organ").

jury).[3] For the above reasons, we conclude that the trial court did not err in rejecting the proposed instruction.

Affirmed.

---

[3] In view of our conclusion that the second paragraph of the proposed instruction had the potential to confuse the jury, we do not address defendant's contention that the first paragraph, further defining "substantial pain," was necessary to assist the jury. We note that in *State v. Roberts*, 293 Or App 340, 427 P3d 1130 (2018), we held that a trial court had erred in failing to instruct the jury on the definition of "substantial pain." We explained that the instruction was necessary in that case because it was unlikely in that case "that jurors would understand, without further instruction, that even pain that is significant in degree generally is not 'substantial pain'—at least, not for purposes of the element of 'physical injury'—if it is only fleeting, *i.e.*, not substantial in *duration*." *Id*. at 347 (emphasis in original).