Argued and submitted September 30, 2020; conviction on Count 1 reversed and remanded, otherwise affirmed April 21, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

SHAWN LEE HOOPER,
*Defendant-Appellant.*

Linn County Circuit Court
16CR13141; A169210

487 P3d 428

Defendant appeals from a judgment of conviction for first-degree rape, ORS 163.375 (Count 1). On appeal, defendant argues that the trial court plainly erred when it failed to instruct the jury that, to convict him, the state had to prove that defendant had a culpable mental state when he engaged in sexual intercourse with the victim. In response, the state argues that, in light of the instructions as a whole, there is no error. *Held*: It is obvious error to omit the requisite mental state (*i.e.*, "knowingly") from the part of the instruction that told the jury what elements the state had to prove in this particular case to convict defendant of first-degree rape. Because that instructional error is both harmful and grave, the Court of Appeals exercised its discretion to correct it.

Conviction on Count 1 reversed and remanded; otherwise affirmed.

Thomas McHill, Judge.

Marc D. Brown, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Daniel Norris, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Hadlock, Judge pro tempore.

TOOKEY, J.

Conviction on Count 1 reversed and remanded; otherwise affirmed.

**TOOKEY, J.**

Defendant appeals from a judgment of conviction for first-degree rape, ORS 163.375 (Count 1).[1] Defendant argues that the trial court plainly erred when it failed to instruct the jury that, to convict him, the state had to prove that defendant had a culpable mental state when he engaged in sexual intercourse with the victim, L. For the reasons explained below, we conclude that the trial court plainly erred, and we exercise our discretion to correct that error. We reject defendant's remaining assignment of error as noted below.[2] Accordingly, we reverse and remand on Count 1, and we otherwise affirm the acquittals of the additional charges in the judgment.

"Because the jury found defendant guilty, we view the evidence presented at trial in the light most favorable to the state." *State v. Gaines*, 275 Or App 736, 738, 365 P3d 1103 (2015). In accordance with that standard, we state the following facts.

At the time of the events underlying defendant's rape conviction, the victim, L, was 14 years old, and defendant was L's stepfather; defendant was married to L's mother, Hooper.

In late 2015, on the night in question, L and defendant were at defendant's friend's house, where defendant had consumed approximately ten beers. When they returned home, defendant told L to "grab me a beer" from a horse trailer on their property. The trailer had a space for horses

---

[1] Defendant was indicted for five counts of first-degree rape, ORS 163.375. Count 1 pertained to late 2015, as described below. Counts 2 through 5 pertained to early 2016. The jury convicted defendant on Count 1 but acquitted defendant as to Counts 2 through 5.

[2] Defendant also contends that the trial court erred by giving the jury a nonunanimous jury instruction. Following the United States Supreme Court's ruling in *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020), the Oregon Supreme Court explained that nonunanimous jury instruction was not a structural error that categorically required reversal. *State v. Flores Ramos*, 367 Or 292, 319, 478 P3d 515 (2020). Because this issue was not preserved and no jury poll was conducted, we decline to exercise our discretion to review the nonunanimous jury instruction for plain error. *State v. Dilallo*, 367 Or 340, 348-49, 478 P3d 509 (2020) (explaining that plain-error review for nonunanimous jury instructions without an accompanying jury poll is "contrary to the basic goal of 'procedural fairness' *** that motivates the preservation requirement").

and a small sleeping quarters. When L opened the trailer door, defendant "walked up behind [L]" and told her to "go in there." L went into the trailer, and defendant followed her in. Once inside, defendant removed his pants and "kind of helped" L to remove her pants. Defendant "told [L] to get up on the bed," and L complied. Defendant then "[p]ut a condom on," and "he had sex with [L]." Afterward, defendant "took his condom off, and he said that he was gonna [*sic*] throw it away at the store" so that "no one knew about it." Defendant also told L, "[D]on't tell anyone, or I'll go to jail."

In early 2016, L disclosed to Hooper that "[defendant] had sex with me," describing to Hooper the events of the night in question. When Hooper confronted defendant about L's disclosure, defendant initially denied having had sex with L. But later, in the fall of 2016, defendant confessed to Hooper that "he was drunk one night, and he basically woke up in the middle of a drunken stupor having sex with [L], realized it was [L] and stopped, and that was it."

As a result of L's disclosure, defendant was charged with first-degree rape, ORS 163.375, and the case was tried to a jury. At trial, defendant denied confessing to Hooper that he had sex with L in a "drunken stupor." Defendant further denied that he had "ever had sexual intercourse with [L]."

After closing arguments, the trial court orally instructed the jury. In relevant part, that jury instruction provided:

> "Oregon law provides that a person commits the crime of Rape in the First Degree if the person knowingly has sexual intercourse with another person and the other person is [under] 16 years of age and is the defendant's spouse's child. * * *
>
> "In this case, to establish the crime of Rape in the First Degree, the State must prove beyond a reasonable doubt the following elements:
>
> "(1)   the act occurred on or between September 1, 2015, and December 31, 2015;
>
> "(2)   the defendant, [defendant's name], had sexual intercourse with [L]; and

"(3)   [L] was under 16 years of age and was [defendant]'s spouse's child."

The court also provided the jury with an identical instruction in written form.

The first part of that instruction—*i.e.*, the general definition of the crime of first-degree rape—contained the word "knowingly," whereas the second part of that instruction—*i.e.*, the elements that the state had to prove and the jury had to find to reach a conviction in this specific case—omitted any reference to a culpable mental state. Although defendant's proposed jury instructions included a culpable mental state in both the general definition of the crime of first-degree rape and in the list of the elements that the state had to prove for conviction in this specific case, defendant did not object to the instruction as given to the jury. After instruction, the jury deliberated and returned a guilty verdict for one count of first-degree rape.

On appeal, defendant contends that "[t]he trial court plainly erred when it failed to instruct the jury that the state must prove a mental state" for the sex act, and "this court should exercise its discretion to review th[at] error." The state responds that "[t]he trial court correctly instructed the jury that the state had to prove that defendant knowingly had sexual intercourse with the victim, and it thus did not commit plain error," and that "[e]ven if plain error occurred, no basis exists for review or reversal."

We may review an unpreserved error when three requirements are satisfied: (1) the error is one of law; (2) the error is apparent, that is, the legal point is obvious, not reasonably in dispute; and (3) the error appears on the face of the record, in that we need not go outside the record or choose between competing inferences to find it. *State v. Gray*, 261 Or App 121, 129, 322 P3d 1094 (2014). "[T]he question of what must be included in a jury instruction is a question of law, and what was or was not included is determined readily by examining the instructions that were given." *Id.* (citation and internal quotation marks omitted). Thus, the only plain-error requirement at issue here is "whether the purported instructional error was 'obvious.'" *Id.*

Defendant contends that the error is obvious, and that it is "'not in dispute' that the conduct element of rape in the first degree requires a culpable mental state." In response, the state agrees that it was required "to prove defendant 'knowingly' engaged in sexual intercourse with the victim." But, the state contends, there is no obvious error "in light of the instructions as a whole," because the first portion of the instruction "told the jury that defendant committed first-degree rape only 'if' he knowingly had sex with the victim," and defendant's position "give[s] undue consideration to [the second] portion of the instruction."

The state's contention is unpersuasive. The first part of the instruction merely stated a generalized definition of first-degree rape. The second part of the instruction, however, is the part that specifically told the jurors what their task was "in this case." That is also the part of the instruction that—in both oral and written form—omitted any reference to the necessity of finding a culpable mental state in order to convict defendant. It seems to us that jurors grappling with the difference between the first and second parts of the instruction would face difficulty; such an instruction, which lacks consistent language, is reasonably capable of confusing or misleading jurors as they carry out their task. That alone constitutes grounds for reversal. *See, e.g.*, *Williams et al. v. Portland Gen. Elec.*, 195 Or 597, 610, 247 P2d 494 (1952) ("The objective of the mold, framework, and language of the instructions should be to enlighten and to acquaint the jury with the applicable law. Everything which is reasonably capable of confusing or misleading the jury should be avoided. Instructions which mislead or confuse are ground for reversal or a new trial.").

In any event, we agree with defendant; it is obvious error to omit the requisite mental state (*i.e.*, "knowingly") from the part of the instruction that told the jury what elements the state had to prove in this particular case to convict defendant of first-degree rape. *See Gray*, 261 Or App at 130 (concluding that it is obvious error where jury instruction omitted culpable mental state for act element of first-degree rape, because "the trial court is required to instruct the jury that, to convict, it must determine that the state has proved beyond a reasonable doubt that defendant acted

with a culpable mental state"); *State v. Ramoz*, 367 Or 670, 707, 483 P3d 615 (2021) (concluding that the trial court committed error "when it instructed [the jury] that the state must prove certain elements of a crime but not that it must prove other essential elements—the *mens rea* of the crimes"); *cf. State v. Belen*, 277 Or App 47, 52, 369 P3d 438 (2016) ("[T]he trial court's failure to instruct the jury on all of the elements it needed to find in order to find defendant guilty [of first-degree rape]—including that he knowingly subjected the victim to forcible compulsion—constitutes plain error.").

"Having concluded that the trial court plainly erred, we turn to the question of whether we should exercise our discretion to correct the error." *Id.* at 54. "In determining whether to correct a plain error, we consider several factors, including 'the nature of the case; [and] the gravity of the error[.]'" *Id.* (quoting *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382 n 6, 823 P2d 956 (1991)). "We also consider whether the error was harmless—that is, whether there was little likelihood that the error affected the verdict." *Id.* at 55.

We begin by addressing harmlessness. "Instructional error is not harmless if it probably created an erroneous impression of the law in the minds of the jury and if that erroneous impression may have affected the outcome of the case." *Ramoz*, 367 Or at 704-05 (citation and internal quotation marks omitted). "In making that determination, we consider the instructions as a whole and in the context of the evidence and record at trial, including the parties' theories of the case with respect to the various charges and defenses at issue." *Id.* at 705 (citation and internal quotation marks omitted).

The state argues that "if the trial court erred, the error was harmless," because "the jury's verdict necessarily discredited defendant's assertion that he never had sexual intercourse with [L] and credited [L's] testimony that defendant had sexual intercourse with her." Defendant argues that the error was not harmless, for "[t]hough defendant's defense was that he never had sexual intercourse with [L], the record contained evidence from which a jury could conclude that defendant did not know he was engaging in sexual

intercourse with [L]." More specifically, defendant argues that "Hooper explained that defendant told her while crying that, 'he was drunk one night, and he basically woke up in the middle of a drunken stupor having sex with [L],'" and consequently, "[t]he jury could have concluded that defendant had sexual intercourse with [L] but did not knowingly do so."

We cannot say that there was "little likelihood" that omitting the mental state requirement affected the verdict, and we agree with defendant that the instructional error was not harmless for the reasons he posits. *See Gray*, 261 Or App at 131-32 (holding that failure to instruct jury as to culpable mental state for first-degree rape was plain error and not harmless because, on the record, it was possible that the jury could have found that the defendant engaged in the charged conduct but that he did not do so knowingly).

The Supreme Court's decision in *Ramoz* supports our conclusion that the instructional error in this case was not harmless. In *Ramoz*, the trial court erred in precisely the same way as the trial court in this case: The jury instructions for the defendant's first-degree rape charge "defined the crime as one in which the defendant must act 'knowingly,' but omitted that requirement in the itemized list of elements that the state must prove." 367 Or at 678-79. The state argued that the trial court had instructed the jury that a person commits rape in the first degree if, among other elements, that person acted knowingly, and consequently, that "the instructions as a whole were not prejudicial." *Id.* at 705. The Supreme Court rejected that argument, explaining:

> "The state is correct that we must look to the instructions as a whole * * *. But here, the two different parts of the instructions could be viewed as conflicting. When it described the relevant crimes, the court told the jury that defendant had to have acted knowingly, but when it told the jury the elements that the state must prove, it omitted that requirement. * * * Where an instruction is equally capable of a correct or an incorrect statement of the law, then there is a likelihood that the error affected the verdict."

*Id.* at 707 (citation and internal quotation marks omitted). The court then went on to note that the defendant's mental

state was at issue, because the jury could have found that the defendant was voluntarily intoxicated during the events in question, and it concluded that the instructional error was therefore not harmless. *Id.* at 707-08.

In this case—just as in *Ramoz*—where defendant's mental state was at issue, and the jury instruction omitted the mental state requirement in the list of necessary elements, there is a likelihood that the instructional error affected the verdict and, therefore, was not harmless.

The gravity of the error further militates in favor of exercising our discretion to correct the error: The instructional error was not harmless, and defendant's first-degree rape conviction is a serious felony. *See Gray*, 261 Or App at 132 (concluding that gravity of error compelled exercise of discretion to correct plain instructional error, because the trial court's failure to instruct jury as to culpable mental state was not harmless, and the defendant's challenged convictions included "serious felonies" of first-degree rape); *see also State v. Capote*, 266 Or App 212, 213, 337 P3d 858 (2014) (exercising discretion to correct plain instructional error for reasons stated in *Gray*). Thus, because the instructional error was both harmful and grave, we exercise our discretion to correct it.[3]

For the above reasons, we conclude that the trial court plainly erred by failing to instruct the jury that, in order to convict defendant in this case, it had to find that defendant *knowingly* engaged in sexual intercourse with L.

---

[3] The state also contends that we should not exercise our discretion to correct the instructional error, because it is "plausible that defendant noticed the error, and *** chose not to object for a sound strategic reason." The state suggests there are two such reasons: (1) "[D]efendant chose not to object since any error did not harm his 'it did not happen' defense"; and (2) "[B]y not objecting, he left open the argument he now makes on appeal."

Though the "possibility that the defendant made a strategic choice not to object [is] relevant to our decision to exercise our discretion," *Gaines*, 275 Or App at 748, we do not perceive anything in the record suggesting that defendant's failure to object to the error was a strategic choice. Thus, we reject that contention without further discussion. *See State v. Higgins*, 258 Or App 177, 181, 308 P3d 352, *rev den*, 354 Or 700 (2014) (rejecting state's argument that the defendant may have had strategic reason not to object, where "[t]he state's speculation aside, there is nothing in the record indicating that defendant made any kind of strategic choice not to object").

We further conclude that it is appropriate to exercise our discretion to correct that error. Accordingly, we reverse and remand.

Conviction on Count 1 reversed and remanded; otherwise affirmed.