Argued and submitted October 7; conviction on Count 1 reversed and remanded, remanded for resentencing, otherwise affirmed November 17, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ALEKSEY V. PETROVSKIY,
aka Aleksay Petroviskiy,
aka Aleksay Vasilyevi Petrovskiy,
*Defendant-Appellant.*

Multnomah County Circuit Court
17CR81994; A172907

501 P3d 94

Heidi H. Moawad, Judge.

Marc D. Brown, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Michael A. Casper, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

PER CURIAM

Conviction on Count 1 reversed and remanded; remanded for resentencing; otherwise affirmed.

**PER CURIAM**

Defendant appeals a judgment of conviction for unlawful possession of heroin (Count 1), ORS 475.854; and driving under the influence of intoxicants (Count 2), ORS 813.010. Defendant's first and second assignments of error are unpreserved and do not demonstrate plain error, and we reject defendant's third assignment of error without discussion. In defendant's fourth and final assignment of error, he contends that the trial court plainly erred when, in connection with the unlawful-possession count, it failed to instruct the jury that the state had to prove that defendant knowingly possessed heroin. In this case, the court instructed the jury that "knowingly possessed heroin, knowingly or with knowledge means that a—the person acts with an awareness that they possess heroin." It also instructed the jury that "Oregon law provides that a person commits the crime of Unlawful Possession of Heroin if the person unlawfully and intentionally or knowingly possesses heroin." Nevertheless, in setting forth the elements of the state's case, the court omitted the mental state element, instructing that, "[i]n this case, to establish the crime of Unlawful Possession of Heroin, the State must prove beyond a reasonable doubt the following elements: One, the act occurred on or about November 12th, 2017; and, two, [defendant] possessed heroin."

Defendant argues that the trial court's omission of the mental state element was plainly erroneous and requires reversal under *State v. Hooper*, 310 Or App 715, 719, 487 P3d 428 (2021) (concluding that the trial court plainly erred when the court's instruction stated a generalized definition of the charged crime, but the second part of the instruction that told the jurors what their task was in the case omitted any reference to the necessity of finding a culpable mental state). The state responds that, read together, the instructions completely and correctly instructed the jury. Further, the state contends that, at a minimum, the court did not plainly err. Finally, the state contends that any error was harmless because defendant admitted that he had just come from purchasing heroin, such that there is little doubt that the jury would have had to have found that defendant knew that he possessed heroin, if instructed to do so.

We agree with defendant that the facts here are similar to *Hooper* and we thus conclude that the trial court plainly erred. *Id*. ("[S]uch an instruction, which lacks consistent language, is reasonably capable of confusing or misleading jurors as they carry out their task. That alone constitutes grounds for reversal."). Further, we conclude that the error was not harmless for reasons similar to those stated in *State v. Ramoz*, 367 Or 670, 708, 483 P3d 615 (2021) ("Because the jury instructions could have indicated that the state need not prove, and the jury need not find, the *mens rea* element of each of the charged crimes, the error was not harmless[.]"). Finally, we exercise our discretion to correct the grave error for reasons similar to those discussed in *Hooper*, 310 Or App at 722.

Conviction on Count 1 reversed and remanded; remanded for resentencing; otherwise affirmed.