No. 573 June 25, 2025 465

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

TAMMY LYNN COCKRELL,
*Defendant-Appellant.*

Klamath County Circuit Court
21CR42342; A181547

Marci Warner Adkisson, Judge.

Argued and submitted April 21, 2025.

Erik Blumenthal, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Oregon Public Defense Commission.

Patricia G. Rincon, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Ortega, Presiding Judge, Hellman, Judge, and O'Connor, Judge.

HELLMAN, J.

Judgment of dismissal on count of unlawful use of a weapon reversed and remanded for entry of a judgment of acquittal; otherwise affirmed.

**HELLMAN, J.**

Defendant appeals a judgment of conviction for menacing, ORS 163.190, and raises three assignments of error.[1] First, defendant argues that the trial court erred in refusing to give her requested special jury instruction. Second, defendant argues that the trial court plainly erred when it refused to answer a jury question and instead referred the jury to the instructions that were already given. Third, defendant argues that the trial court erred in entering a judgment of dismissal, instead of a judgment of acquittal, after the jury acquitted her of unlawful use of a weapon, ORS 166.220(1)(a).[2] The state concedes that error and we accept the concession. Accordingly, we reverse the judgment of dismissal on defendant's unlawful use of a weapon charge, and remand for an entry of a judgment of acquittal on that charge. We otherwise affirm.

*Special jury instruction.* Defendant first assigns error to the trial court's refusal to give her proposed special jury instruction. We review "the trial court's ruling for legal error," "view[ing] the evidence in the light most favorable to \* \* \* the party that requested the instruction." *State v. North*, 333 Or App 187, 190, 552 P3d 152 (2024), *rev den*, 373 Or 305 (2025).

At trial, the state presented evidence that, while on her Klamath County property, defendant fired a .22 caliber rifle in the direction of a firefighter who was working on the nearby Bootleg Fire. Defendant testified that she saw a "very dark shadow" of a person "way up on the ridge" that was about a 30-minute hike away. She further testified that, because the person was "not responding to [her]," she acted in self-defense by firing "an attention round" into the sand. Defendant told police that the round landed 20 feet in front of her. Although the trial court instructed the jury on the "Use of Physical Force in Defense of Property,"

_____

[1] "A person commits the crime of menacing if by word or conduct the person intentionally attempts to place another person in fear of imminent serious physical injury." ORS 163.190(1).

[2] ORS 166.220(1) provides, in relevant part, that "[a] person commits the crime of unlawful use of a weapon if the person \* \* \* [a]ttempts to use unlawfully against another, or carries or possesses with intent to use unlawfully against another, any dangerous or deadly weapon as defined in ORS 161.015[.]"

"Physical Force Defense of a Person," and the limitations on using deadly physical force to defend property, the trial court declined defendant's requested instruction that "the threat of deadly force does not constitute the use of deadly force." The jury convicted her of menacing.

Viewing the evidence in the light most favorable to defendant, we conclude that the trial court did not err because the substance of defendant's requested jury instruction was "covered fully" by other instructions. *State v. Harryman*, 277 Or App 346, 356, 371 P3d 1213, *rev den*, 360 Or 401 (2016)("[A] trial court does not err in refusing to give a proposed instruction—even if legally correct—if the substance of the requested instruction is covered fully by other jury instructions given by the trial court or if the requested instruction is not necessary to explain the particular issue or point of law to the jury." (Internal quotation marks and ellipses omitted)); *see also State v. Roberts*, 293 Or App 340, 346, 427 P3d 1130 (2018) ("A defendant is not entitled, in every case, to a special instruction that is tailored to the particular facts at issue.").

Here, the trial court gave Uniform Criminal Jury Instruction 1048, which provides that "[d]eadly physical force means physical force that *under the circumstances in which it is used is readily capable* of causing death or serious physical injury." (Emphasis added.) That instruction allowed the jury to find that, under the particular circumstances, the shot that defendant fired was not "readily capable" of causing death or serious physical injury because she fired into the ground when the firefighter was more than 30-minute hike away. Put another way, the uniform jury instructions that the court provided permitted the jury to accept defendant's argument that firing the rifle was not the "use of deadly force," but rather the mere "threat of deadly force."

Moreover, a trial court is "not required to * * * provide negative or converse instructions describing in what circumstances an element might not be established." *Roberts*, 293 Or App at 346 (internal quotation marks omitted). Here, defendant requested that the court instruct the jury on what "deadly force" is *not*. The trial court did not err in refusing that instruction. *See id.* ("In the end, what

matters is whether the requested instruction is necessary to adequately inform the jury of the applicable law[.]").

*Jury question.* In her second assignment of error, defendant argues that the trial court plainly erred when it failed to instruct the jury that a successful self-defense claim could have defeated the menacing charge.

"Generally, an issue not preserved in the trial court will not be considered on appeal." *State v. Wyatt*, 331 Or 335, 341, 15 P3d 22 (2000). However, we have discretion to correct a "plain" error. ORAP 5.45(1). An error is "plain" when it is an error of law, the legal point is obvious and not reasonably in dispute, and the error is apparent on the record without our having to choose among competing inferences. *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013).

After deliberating for about two hours, the jury sent the trial court several legal and evidentiary questions. One question provided, "Self-defense law Oregon property? Does self-defense overrule menacing crime?" The court concluded, consistently with its responses to the jury's other legal questions, that it would refer the jury to the jury instructions.

We conclude that the asserted error is not plain because the legal point is not "obvious." Although defendant acknowledges that the trial court provided uniform instructions that "conveyed [the] principle" that "[t]he self-defense justification applies to menacing," she nevertheless argues that those instructions "did not adequately cover[] the subject." (Internal quotation marks omitted.) Because it is not "obvious" that the jury's question was not "covered fully" by the instructions that were given, the trial court did not plainly err in declining to answer the jury's question. *Harryman*, 277 Or App at 356; *see also State v. Hooper*, 310 Or App 715, 718, 487 P3d 428 (2021) (on plain-error review, explaining that "the question of what must be included in a jury instruction is a question of law, and what was or was not included is determined readily by examining the instructions that were given" (internal quotation marks omitted)). Moreover, it is not "obvious" that the court erred when it referred the jury to the previously given instructions. *See State v. Maney*, 244 Or App 1, 9, 260 P3d 547 (2011), *rev den*,

351 Or 545 (2012) (concluding that, in response to a jury question, the trial court did not err in reinstructing the jury "about the specific element to which its question related").

*Judgment of acquittal*. As noted above, the jury acquitted defendant of unlawful use of a weapon. In her third assignment of error, defendant argues that the trial court erred when it dismissed that count instead of entering a judgment of acquittal. Here, "preservation was not required" because "defendant had no practical ability to raise the issue until after the court entered the judgment." *State v. Dikeos*, 330 Or App 698, 722, 544 P3d 1020, *rev den*, 372 Or 718 (2024). Accordingly, we review for legal error. *Id.*

The state concedes that, when a jury finds a defendant not guilty of a crime, the trial court must enter a judgment of acquittal, not a judgment of dismissal. We agree and accept that concession. *See, e.g.*, *State v. Gilmore*, 336 Or App 706, 711-12, 562 P3d 250 (2024) ("[A] judgment of acquittal is appropriate if the evidence is insufficient to support a verdict.").

Judgment of dismissal on count of unlawful use of a weapon reversed and remanded for entry of judgment of acquittal; otherwise affirmed.