Submitted September 30, conviction on Count 3 reversed, remanded for resentencing, otherwise affirmed December 9, 2015, petition for review denied March 24, 2016 (358 Or 833)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

SHAUN LAROY JOHNSON,
*Defendant-Appellant.*

Multnomah County Circuit Court
110933980; A151101

364 P3d 353

Peter Gartlan, Chief Defender, and Eric Johansen, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Rebecca M. Auten, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Hadlock, Judge, and Egan, Judge.

PER CURIAM

## PER CURIAM

Defendant was convicted of 17 charges, specifically, five counts of assault in the fourth degree, ORS 163.160; six counts of harassment, ORS 166.065; three counts of coercion, ORS 163.275; and one count each of sexual abuse in the second degree, ORS 163.425, menacing, ORS 163.190, and strangulation, ORS 163.187.[1] Defendant appeals the resulting judgment of conviction, raising four assignments of error. We write to address only his second assignment of error and reject the remaining assignments without written discussion.[2]

In his second assignment, defendant contends that the trial court erred in denying his motion for judgment of acquittal (MJOA) on one of the charges of fourth-degree assault constituting domestic violence, Count 3. Count 3 arose out of an incident in which defendant slapped the victim. Defendant argues that the state's evidence was insufficient to establish that his conduct caused physical injury to the victim, a required element of the offense under ORS 163.160(1)(a). That statute provides, in part:

"(1)  A person commits the crime of assault in the fourth degree if the person:

"(a)  Intentionally, knowingly or recklessly causes physical injury to another[.]"

"Physical injury," in turn, "means impairment of physical condition or substantial pain." ORS 161.015(7). The state concedes the error.

We agree and accept the state's concession. At trial, the victim testified that she felt a "sting" when defendant slapped her. That testimony is insufficient to support a

---

[1] All but the harassment counts were charged as "constituting domestic violence." *See* ORS 132.586(2) ("When a crime involves domestic violence, the accusatory instrument may plead, and the prosecution may prove at trial, domestic violence as an element of the crime. When a crime is so pleaded, the words 'constituting domestic violence' may be added to the title of the crime.").

[2] In his first assignment of error, defendant contends that the trial court erred in excluding evidence of text messages that the police downloaded from the victim's phone. In his third and fourth assignments, defendant contends that the court erred in denying his motions for judgment of acquittal on two of the counts of coercion constituting domestic violence.

finding of substantial pain. *See State v. Lewis*, 266 Or App 523, 530, 337 P3d 199 (2014) ("[E]ven if a trier of fact could infer that the hair-pulling caused the victim *some* pain, there is no evidence in the record that the degree or duration of the pain was sufficient to constitute 'substantial pain[.]'" (Emphasis in original.)); *State v. Capwell*, 52 Or App 43, 46-47, 627 P2d 905 (1981) (evidence did not support finding of substantial pain where record contained no evidence of the "degree of the pain" or that the pain "was anything more than a fleeting sensation"; victim testified only that "he had pain and that it hurt when the defendant struck him"). Moreover, there is no evidence that the victim suffered any impairment of her physical condition as a result of defendant's slap. Thus, the record is insufficient to allow a rational trier of fact to find, beyond a reasonable doubt, that defendant caused the victim physical injury—an essential element of the crime. Accordingly, the court erred in denying defendant's MJOA as to Count 3.

Conviction on Count 3 reversed; remanded for resentencing; otherwise affirmed.