Argued and submitted October 19; in Case No. 18CR48123, convictions on Counts 5 and 6 reversed, remanded for resentencing, otherwise affirmed; in Case No. 18CR69378, affirmed December 9, 2020

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CHASE MICHAEL LARRAZABAL,
*Defendant-Appellant.*

Washington County Circuit Court
18CR48123, 18CR69378;
A169561 (Control), A169562

478 P3d 1023

Eric Butterfield, Judge.

Anne Fujita Munsey, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

E. Nani Apo, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before DeVore, Presiding Judge, and DeHoog, Judge, and Mooney, Judge.

PER CURIAM

In Case No. 18CR48123, convictions on Counts 5 and 6 reversed; remanded for resentencing; otherwise affirmed. In Case No. 18CR69378, affirmed.

**PER CURIAM**

In this consolidated criminal appeal, defendant challenges his convictions in Case No. 18CR48123 for second-degree assault, ORS 163.175 (Count 3), and two counts of third-degree assault, ORS 163.165 (2017), *amended by* Or Laws 2019, ch 213, § 119 (Counts 5 and 6).[1] A detailed discussion of the facts would not benefit the bench, the bar, or the public. Suffice it to say that the convictions at issue on appeal arose from an incident in which defendant drove recklessly through Beaverton, with police pursuing him, weaving in and out of traffic, sometimes into the oncoming lane, running stop signs and red lights, exceeding the speed limit (at times by almost twice the limit), and, eventually, striking a pickup truck from behind, losing control, and then colliding with a second vehicle, seriously injuring its driver.

On appeal, defendant first challenges the trial court's denial of his motion for judgment of acquittal (MJOA) on Count 3; we reject that assignment without discussion. In his second and third assignments, defendant contends that the court erred in denying his MJOAs on Counts 5 and 6. Those counts charged third-degree assault based on defendant "unlawfully and recklessly, under circumstances manifesting extreme indifference to the value of human life, caus[ing] physical injury to [the victim] by means of a vehicle, a dangerous weapon." *See* ORS 163.165(1)(c) (2017). The victim in Count 5 was L, the driver of the pickup; S, his passenger, was identified as the victim in Count 6.

Defendant argues that the state failed to prove the "physical injury" element of the offenses, in particular, that L or S suffered "substantial pain." *See* ORS 161.015(7) (defining "physical injury" as "impairment of physical condition or substantial pain"). To be substantial, the pain subjectively experienced by the victim "must be ample or considerable, and not fleeting or inconsequential." *State v. Long*, 286 Or App 334, 340, 399 P3d 1063 (2017) (internal quotation marks omitted). L testified at trial that he had some muscle

---

[1] Defendant does not raise any issues with regard to his other convictions in that case or with respect to Case No. 18CR69378.

soreness in his back that night and the next morning, but that it had gone away within 30 hours. S described "some tenderness" for a couple of days along the site of a recent biopsy on her outer thigh, but only "if it was pressed upon." Defendant is correct that, under our case law, that evidence is insufficient for a reasonable factfinder to find, beyond a reasonable doubt, that either L or S suffered substantial pain.[2] *See, e.g.*, *State v. Johnson*, 275 Or App 468, 469-70, 364 P3d 353 (2015), *rev den*, 358 Or 833 (2016) (victim's testimony that "she felt a 'sting' when defendant slapped her" was "insufficient to support a finding of substantial pain"); *State v. Lewis*, 266 Or App 523, 529-30, 337 P3d 199 (2014) (even if factfinder could infer that hair being pulled from victim's head caused her some pain, no evidence that degree or duration was sufficient to constitute substantial pain).

In Case No. 18CR48123, convictions on Counts 5 and 6 reversed; remanded for resentencing; otherwise affirmed. In Case No. 18CR69378, affirmed.

---

[2] Given that conclusion, we need not address defendant's argument that the state also failed to prove the "extreme indifference" element of the offenses.